Argued and submitted September 28, 1992, reversed and remanded for
reconsideration in part; otherwise affirmed April 14, 1993

In the Matter of the Marriage of

Martin Thomas LAWHORN,
*Appellant,*
*and*

Terri L. LAWHORN,
nka Terri L. Zaklan,
*Respondent.*

(118504; CA A73724)

850 P2d 1126

Nancy G. Neslund, Salem, argued the cause for appellant.
On the brief was Martin T. Lawhorn, Sr., Keizer, *pro se.*

Steven C. North, Salem, argued the cause for respondent. With him on the brief were John L. Hemann and Garrett, Hemann, Robertson, Paulus, Jennings & Comstock, Salem.

Before Warren, Presiding Judge, and Edmonds and Landau,* Judges.

LANDAU, J.

---

\* Landau, J., *vice* Riggs, J.

## LANDAU, J.

Father appeals from an order denying his motion to modify a judgment of dissolution. The parties waived their rights to a formal hearing and submitted the case on written stipulations of fact and memoranda. We review *de novo*, ORS 19.125(3), and reverse in part.

In an earlier stipulated order modifying the original dissolution judgment, mother and father were awarded joint custody of their two minor children. The children were to live with mother, but father was not required to pay child support, because mother was designated as the "representative payee" of monthly social security benefits that the children received as a result of father's disability. Several years later, daughter moved into father's home, and he became the designated payee of daughter's social security benefits. Father moved for further modification of the original dissolution judgment requesting, among other things, an award of child support from mother.

The trial court denied father's request, because it found that the social security benefits father received on behalf of his daughter exceeded any amount that mother might be obligated to pay under the child support guidelines. In determining what mother would have been obligated to pay under the guidelines, the trial court assumed that the gross income of each parent did not include the children's social security benefits that each received as payee. Father assigns that as error.

The child support guidelines provide the basis for calculating the parents' presumptive child support obligations. The calculations generally follow this process: first, determine each parent's gross and adjusted gross income, OAR 137-50-330(1)(a)-(b); second, determine the basic and total child support obligation from the scale set out in the guidelines, OAR 137-50-330(1)(d)-(e); and third, determine each parent's share of the total obligation by dividing it in proportion to their relative incomes. OAR 137-50-330(1)(c), (f). The resulting figure is "presumed to be the correct amount." OAR 137-50-330(2)(a). That presumption may be rebutted by explicit findings that the amount produced by the guidelines would be unjust or inappropriate. ORS 25.280;

OAR 137-50-330(2)(a). Among the criteria that the court may take into account in determining whether to make such findings is the needs of the child. ORS 25.280(7); OAR 137-50-330(2)(a)(G).

The issue before us is the proper place in the foregoing procedure for the court to consider the effect of the parents' receipt of social security benefits paid to them on behalf of their children. Father contends that the benefits should be considered gross income to each parent. We disagree.

■ The child support guidelines define "gross income" as

> "income from any source, including but not limited to salaries, wages, commissions, advances, forgiveness of indebtedness, bonuses, dividends, severance pay, pensions, interest, honoraria, trust income, annuities, return on capital, social security benefits, workers' compensation benefits, unemployment insurance benefits, disability insurance benefits, gifts, prizes, and alimony or separate maintenance received. Specifically included are benefits received from means-tested public assistance programs, including but not limited to Aid to Dependent Children (ADC), Supplemental Security Income (551) [sic], Food Stamps, and General Assistance." OAR 137-50-340(1).

The guidelines do not provide that "gross income" includes the financial resources and earning ability of the child. Here, the children receive benefits pursuant to 42 USC § 402(d), because they are dependents of a disabled person. Benefits under that statute may be paid either directly to the child beneficiary or to another individual as "representative payee" to administer the funds for the child's use and benefit. 42 USC § 405(j); 20 CFR § 404.2040. The representative payee must use the money exclusively for the child in accordance with federal guidelines and must hold any excess in trust for the child's later use. 20 CFR § 404.2045. Thus, the benefits the parties receive for their children are financial assets or income of the children, not "gross income" of the parents, and the trial court did not err in excluding the social security benefits from the parents' gross income.

■ The trial court did err, however, in simply assuming that the social security benefits automatically offset the parents' child support obligations. They may or may not, depending on the facts of each case. The proper procedure is for the trial court to consider the effect of the receipt of the social security benefits on the needs of the child. Then, if appropriate, the court may make "a written finding or a specific finding on the record" that, because of the social security benefits, the presumed obligation dictated by the guidelines is "unjust or inappropriate." ORS 25.280; OAR 137-50-330(2)(b). Here, the trial court did not make those findings. We reverse and remand for reconsideration of the effect of the children's social security benefits on the parents' child support obligations.

Father also argues that mother's gross income should include $300 per month rent that she collects from a boarder. Mother does not respond to that on appeal. She listed that amount as "net monthly income" from rents on her uniform support affidavit, but she argued below that that amount is nevertheless not net income, because it does not exceed the "ordinary and necessary expenses required for self-employment or business operation." OAR 137-50-350(1). The trial court did not state its reasons for not including any of the $300 as income to mother, and we find the record insufficient to calculate how much mother expends for the "ordinary and necessary expenses" of having a boarder. If, on remand, the trial court finds that the $300 is income to mother, then it must determine how much of that amount is net profit under OAR 137-50-350(1).

Father's other assignments of error do not require discussion.

Reversed and remanded for reconsideration of child support; otherwise affirmed; costs, not including attorney fees, to father.