Argued and submitted July 14, reversed and remanded for reconsideration of child support August 3, 1994

In the Matter of the Marriage of

Nancy R. KROMPEL,
nka Nancy R. Timothy,
*Respondent,*
*and*

Randy L. KROMPEL,
*Appellant.*

(91-DO-0081-15; CA A81130)

879 P2d 223

William R. Valent argued the cause for appellant. With him on the brief was Soriano & Valent.

No appearance for respondent Nancy R. Krompel.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

**LANDAU, J.**

Husband appeals from an order modifying a dissolution judgment, which increased husband's child support obligations. We reverse and remand for recalculation of child support.

The dissolution judgment, entered in 1985, required husband to pay $100 a month for each of the parties' four minor children, who were in wife's custody. In 1986, husband became permanently and totally disabled. Since that time, he has received social security disability payments. Wife also received, on the children's behalf, social security disability payments.

In 1991, husband moved to modify his child support obligation. At the time of trial, two minor children remained in wife's custody. Husband's income, all of which came from his social security payments, was $1,042 a month. Wife earned $1,634 a month. She also received $536 a month in social security disability payments on behalf of the children. The trial court considered those social security payments to be income to wife and, on that basis, calculated husband's child support obligation under the Uniform Child Support Guidelines.

On appeal, husband argues that the trial court erred in considering the social security payments that wife receives on behalf of the children to be income to her. He argues that the trial court further erred in failing to consider whether the receipt of those payments reduced the needs of the children, and that the trial court should have simply terminated his child support obligation.

In *Lawhorn and Lawhorn*, 119 Or App 225, 850 P2d 1126 (1993), we held that, when a parent receives social security disability benefits as the representative payee of a child, those payments are not "gross income" of the parent within the meaning of the child support guidelines. The payments, instead, are financial assets or income of the child. Receipt of those benefits may or may not offset a parent's child support obligation, depending on the facts of the case. As we said in that case,

"[t]he proper procedure is for the trial court to consider the effect of the receipt of the social security benefits on the

needs of the child. Then, if appropriate, the court may make 'a written finding or a specific finding on the record' that, because of the social security benefits, the presumed obligation dictated by the guidelines is 'unjust or inappropriate.' ORS 25.280; OAR 137-50-330(2)(b)." 119 Or App at 229.

In this case, the trial court erred in including the social security benefits wife receives on behalf of the children as her income and in failing to consider the extent to which the receipt of those benefits on behalf of the children affects the children's needs for the purpose of calculating the child support award.

Reversed and remanded for reconsideration of child support. Costs to husband.