Submitted on record and briefs November 19, 1997; resubmitted En Banc
February 11, affirmed March 25, 1998

Patricia G. REDLER,
*Petitioner,*

*and*

Lawrence H. REDLER,
*Respondent.*

STATE OF OREGON
DEPARTMENT OF HUMAN RESOURCES,
*Respondent,*

*v.*

Lawrence H. REDLER,
*Appellant,*

*and*

Patricia G. REDLER,
*Obligee.*

(88-1199-D-3; CA A95930)

956 P2d 232

Lawrence H. Redler filed the brief *pro se*.

Hardy Myers, Attorney General, Virginia L. Linder, Solicitor General, and Jas. Adams, Assistant Attorney General, filed the brief for respondent State of Oregon Department of Human Resources.

LANDAU, J.

Edmonds, J., dissenting.

**LANDAU, J.**

Father appeals a judgment increasing the amount of his monthly child support obligation. His principal contention on appeal is that the trial court erred in refusing to consider the income of two of his children from their paper routes in setting the amount of child support. On *de novo* review, ORS 19.415(3), we affirm.

The Support Enforcement Division initiated this action as a two-year review proceeding pursuant to ORS 25.287. Father represented himself at all times in this action. At the initial hearing, the referee found that the existing obligation of $218 per month did not conform to the amount required by the child support guidelines and modified the obligation to $345 per month. Father appealed the referee's order to the circuit court.

At the hearing before the circuit court, father cross-examined mother and attempted to elicit from her information about the children's earnings from their paper routes. The trial court interrupted the examination, and father explained his line of questioning as follows:

"The Court:     * * * What relevance is there to the fact these girls made some money?

"[Father]:     Well, Your Honor, under [ORS] 107.415, it's supposed—I'm supposed to be notified of a change of the status of minor children to the effect, if they are paying part of their support, that mitigates the amount of support that goes to them.

"* * * * *

"The Court:     Well, you'll have a tough time selling me on that if the children are living with her.

"[Father]:     Your Honor, they are making more money than she is.

"The Court:     Combined?

"[Father]:     Yes, sir.

"The Court:     Well, that doesn't mean that they are independent. [ORS] 107[.415] is to show that they

have been emancipated and, in effect, become self-supporting.

"[Father]: Isn't that supposed to change the amount of support?

"The Court: No, no.

"* * * * *

"[Father]: Okay. I think—I mean, I'm not saying that I shouldn't get—that I shouldn't pay support, Your Honor. What I'm saying is that I should get credit. I have a back due amount that I just—because I didn't go into court to get it adjusted at the time, that I got that saddled over the top of me, and I think under these circumstances, that these are—that I should be given some credit for the amount that I paid against that arrearage. That's all I'm saying."

Although testimony eventually was admitted that the two children earned $3,300 and $2,947 each year from their paper routes, the trial court determined father's income without reference to the children's earnings and calculated from the child support guidelines a support obligation of $300 per month.

On appeal, father contends that the trial court erred "in refusing to consider the children's income for the purpose of calculating" father's child support obligation. He argues that the two children "are essentially self-supporting" and that their incomes should have been "included in the child support calculation." He bases his contentions on ORS 107.415 and ORS 25.280. The former statute, he argues, authorizes him "to move for a reduction in child support" in circumstances such as those in this case, in which the children have become self-supporting. The latter statute he reads to impose a requirement on trial courts to consider in all cases the extent to which the earnings of a child render "unjust and inappropriate" an award otherwise required by the guidelines.

The state contends that ORS 107.415 does not apply to this proceeding, because it affords only the remedy of restitution when an obligor spouse previously has not been

informed that the child has become emancipated. The state further contends that ORS 25.280 and the cases construing it *permit* a court to entertain a departure from the award determined from the guidelines formula, but that they do not *require* the court to do so. We agree with the state on both points.

■ First, as to the applicability of ORS 107.415, the statute provides:

"(1)  If a party is required by a decree of a court in a domestic relations suit * * * to contribute to the support, nurture or education of a minor child while the other party has custody thereof, the custodial parent shall notify the party contributing such money when the minor child receives income from the gainful employment of the child, or is married or enters the military service.

"(2)  Any custodial parent who does not provide notice, as required by subsection (1) of this section may be required by the court to make restitution to the contributing party of any money paid, as required by the decree. The court may enter a judgment or satisfy all or part of any accrued judgment to accomplish the restitution."

By its terms, ORS 107.415(2) affords a remedy of restitution only. It is not a mechanism for a determination of the correct amount of child support. *Ellis v. Ellis*, 292 Or 502, 508 n 4, 640 P2d 1024 (1982); *Eagen and Eagen*, 52 Or App 299, 304, 628 P2d 428 (1981), *modified* 292 Or 492, 640 P2d 1019 (1982). This is an action for child support modification pursuant to ORS 25.287. It is not an action for restitution pursuant to ORS 107.415. Thus, ORS 107.415 provides no support for father's contentions in this case.

■■ Second, as to the applicability of ORS 25.280, that statute provides, in part:

"In any judicial or administrative proceeding for the establishment or modification of a child support obligation * * *, the amount of support determined by the formula [required by the child support statutes] * * * shall be presumed to be the correct amount of the obligation. This shall be a rebuttable presumption and a written finding or a specific finding on the record that the application of the formula would be unjust or inappropriate in a particular case

shall be sufficient to rebut the presumption. The following criteria shall be considered in making the finding:

"* * * * *

"(7) The needs of the child[.]"

By the terms of the statute, courts and referees are *permitted* to rebut the presumption that the amount required by the guidelines formula is correct. Nothing in the language of the statute *requires* the courts or referees to take any action if they decide not to depart from the amount presumed correct under the formula.

In that regard, we observe that in *Lawhorn and Lawhorn*, 119 Or App 225, 850 P2d 1126 (1993), there is one phrase that could be read as supporting father's contention in this case. We said that "[t]he proper procedure is for the trial court to consider the effect of" income that the children received on their needs before determining whether to depart from the presumed correct award under the guidelines formula. *Id.* at 229. We used that phrase, however, in a very different context.

In *Lawhorn*, the parties debated the impact of social security benefits that the father received on behalf of the child. The trial court held that the money was income to the child—and not to the father—and therefore could not be considered "income" for the purposes of calculating child support under the guidelines formula. The court went on to hold, however, that the receipt of those benefits automatically offset any child support award under the formula. On appeal, the father contended that the social security benefits should have been considered income to the recipient parent and should not have been deducted, dollar for dollar, from the support award. The mother said that the trial court was correct.

We concluded that neither party was correct. First, we held that the social security benefits were income to the child and therefore could not be considered in calculating the formula award (which is based on the *parents'* income). *Id.* at 228. Second, we held that the trial court erred in simply deducting, dollar for dollar, the benefits from the child support award. We explained:

"The trial court did err, however, in simply assuming that the social security benefits automatically offset the parents' child support obligations. They may or may not, depending on the facts of each case."

*Id.* at 229. In that context, where the trial court erroneously departed from the guidelines amount without making appropriate findings, we then said:

"The proper procedure is for the trial court to consider the effect of the receipt of the social security benefits on the needs of the child. Then, if appropriate, the court may make 'a written finding or a specific finding on the record' that, because of the social security benefits, the presumed obligation dictated by the guidelines is 'unjust or inappropriate.' ORS 25.280; OAR 137-50-330(2)(b). Here, the trial court did not make those findings. We reverse and remand for reconsideration of the effect of the children's social security benefits on the parents' child support obligations."

*Id.* Thus, we did *not* say in *Lawhorn* that trial courts always have an obligation to consider—and to leave some evidence in the record of that consideration—the effect of a child's income on that child's needs for purposes of evaluating a possible departure from the presumptively correct award. We said only that the trial court in that case could not depart from the award presumed correct under the guidelines without making appropriate findings.

We may, of course, on *de novo* review, disagree with a trial court's decision not to depart from the amount presumed correct under the formula in any given case. That, however, is not the thrust of father's contentions in this case. We therefore conclude that the trial court did not err in failing to consider the income of the children in determining father's support obligations.

Father asserts a number of other assignments of error. We have considered each of them carefully and reject them without further discussion.

Affirmed.

**EDMONDS, J.,** dissenting.

Father's appeal, according to his brief, presents this question: "Did the trial court err in refusing to consider the

children's income for the purposes of calculating [his] child support?" It is clear to me that the trial court refused to *consider* father's evidence of his children's income in deciding what child support amount he should pay under the child support guidelines. The court asked, "What relevance is there to the fact these girls made some money?" Father informed the court that if the children were providing part of their own support, "that mitigates the amount of support" that he is obligated to pay under the law. The court said, "Well, you'll have a tough time selling me on that if the children are living with her." Reading the record as a whole leads me to the conclusion that the trial court considered evidence about the needs of the children irrelevant.[1] That notion was error. It makes no difference that father was able to testify about the income of the children if the trial court was unwilling to consider what was relevant evidence under the law.

ORS 25.280 provides, in part:

"The following criteria *shall be considered* in making the finding:

"* * * * *

"(7)　The needs of the child[.]" (Emphasis supplied.)

OAR 137-050-0330(2)(a)(G) provides that the presumed amount can be rebutted based on evidence about the "needs of the child." When read together, it is clear that the statute and the rule mandate that trial courts consider evidence about the needs of the child. The trial court in this case refused to comply with what the statute and the rule require, and the refusal to consider father's evidence was error.

The majority says that the trial court's refusal was not error because nothing in ORS 25.280 "*requires* the courts or referees to take any action if they decide not to depart from the amount presumed under the formula." 153 Or App at 140. (Emphasis in original.) That is a correct statement of law, but it has no relevance to the issue that father raised to the trial court and on appeal. Apparently, the majority reads

---

[1] In his plea to the court to consider the children's income, father pointed out that the children were making more money than their mother. Under the guidelines, mother's income is compared with father's to arrive at a presumed amount of support.

the record to mean that the trial court considered the evidence of the children's income but declined to find the presumed amount rebutted because of it. If that is the case, then our disagreement lies in how we interpret the trial court's ruling. As for me, I take the trial court at its word. When it said that it did not consider evidence of the children's income "relevant," that is what it meant.

I dissent.

Warren, J., joins in this dissent.