Argued and submitted April 14, judgment modified in part; remanded for
reconsideration in part; otherwise affirmed August 5, 1998

In the Matter of the Marriage of

Raymond Michael WILLEY,
*Respondent,*

*and*

Sheree Lee WILLEY,
*Appellant.*

(C941564DR; CA A90458)

963 P2d 141

Jacqueline L. Koch argued the cause for appellant. With her on the brief were John N. Berg and Findling & Johnson.

Maryhelen Sherrett argued the cause and filed the brief for respondent.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

DE MUNIZ, P. J.

## DE MUNIZ, P. J.

Wife appeals from the judgment in this dissolution of a five-year marriage. The parties were married in 1990 in South Carolina, where they were both employed by Digital. Their daughter, Sarah, was born in March 1991. In 1991, each was offered, and accepted, a severance package from Digital. Husband then took a job in Oregon with Aero Corporation and moved to start work. He was joined by wife and their daughter about four months later, following the sale of the family home in South Carolina. The couple purchased a home in Northwest Portland and placed their daughter in day care. Wife returned to work in November 1992.

After the first year in Oregon, wife began talking of moving to Massachusetts, where her extended family lives. Husband became convinced that he did not want to move. The parties discussed wife's desire to move to Massachusetts with Sarah, and, in January 1994 when Aero laid husband off, he became concerned that wife would remove Sarah from the state. He filed for dissolution and obtained a temporary order restraining wife from leaving.

The dissolution trial was held in May 1995. Before the judgment was signed, husband filed a show cause order to prevent wife from changing Sarah's day care. Wife countered, filing a motion seeking the change. Following a hearing, the court entered a supplemental judgment. Wife appeals from both judgments.

■■ Wife first assigns error to the trial court's order that she not move from Oregon or from the Tualatin School District with the child until further order of the court or agreement between the parties. She argues that the parties are in conflict and that the restriction on her moving will not force them to act in unison. However, the paramount consideration in determining restrictions on residence is not whether the parties are in conflict; it is what is in the best interests of the child. *Meier and Meier*, 286 Or 437, 445, 595 P2d 474 (1979). Determining whether to impose a restriction is addressed to the sound discretion of the trial court. *Id.*

■ On our *de novo* review, we do not disturb the court's determination here that the restriction is in the child's best

interest. *See id.* at 446 (appellate court does not lightly disturb decision of trial court, which is in far better position to weigh various factors that enter into the decision). At trial, wife took the position that her daughter would benefit from living near her extended family in Massachusetts, but we agree with the trial court that wife's family could not replace the important contact that child has with husband. We need not detail the evidence that demonstrates that husband has been actively involved in the care of his daughter and is a central part of her life. The testimony of the examining professionals showed that Sarah is equally attached to both parents and needs frequent contact with each. Wife does not demonstrate how the child's best interests are served by her plans for the move, which do not go beyond working in wife's father's restaurant and staying with wife's sister. We find no error.

■　　　Wife also assigns error to the award of 50 percent visitation to father.[1] She contends that the award is tantamount to joint custody. We reject her argument. As noted, Sarah's relationship with her father is very close and, particularly during the pendency of this dissolution proceeding, he has had extensive contact with her. The court's order provides a visitation schedule that seeks to address Sarah's need for maximum contact with both parties. It does not grant *de facto* joint custody. *See Gatti and Gatti*, 73 Or App 581, 584, 699 P2d 1151 (1985) (extensive visitation rights do not create joint custody when dissolution judgment grants sole physical custody to one parent).

■　　　Wife also assigns error to the court's order that each parent engage in individual therapy. She argues that there is no statute under ORS chapter 107 that provides authority for the court to order the parents to participate in counseling, *see Kingsbury and Kingsbury*, 141 Or App 304, 917 P2d 1055 (1996), and, therefore, "[h]owever laudable the court's goal, the court has exceeded its equitable powers" under ORS 107.405. *See Scholze and Scholze*, 68 Or App 679, 682, 682 P2d 827, *rev den* 297 Or 492 (1984) (equitable powers of dissolution court cannot be exercised in absence of statutory authority).

---

[1] Visitation is now termed "parenting time." ORS 107.105.

We do not decide whether a dissolution court may ever order parents to obtain counseling and, if so, under what circumstances. We do not agree with the trial court that the evidence here supports the court's order. Although we agree with the trial court that the record shows an unwillingness on the part of wife to place Sarah's needs before her own and that she has lacked good judgment in some matters concerning her daughter from a previous marriage, our review does not show that those failures mandate intervention. The professionals describe Sarah as bright, spirited, and active, and the evidence does not show that mother's parenting has interfered in her relationship with Sarah or caused the child harm. Although wife might well become a "better parent" if she underwent counseling, our review does not persuade us that wife's parenting skills are so deficient that she must be required to undergo counseling.[2] Accordingly, we delete the order that wife do so.[3]

■    We turn to wife's assignment that the court erred in awarding husband one-half the dependency exemptions for tax purposes. She contends that the child support guidelines are based on the presumption that the custodial parent will have the income tax exemptions for a dependent child and that a court is required to consider the tax consequences resulting from the "determination of which parent will name the child as a dependent[.]" OAR 137-050-0330(2)(a)(I). Wife argues that here the court did not make those considerations or enter the required written findings. *Hay and Hay,* 119 Or App 372, 374, 850 P2d 410 (1993) (written findings are required when court varies from a presumption in the guidelines). Husband concedes that no findings were made and argues that the trial court should have the opportunity to address the issue. We agree and, accordingly, remand the issue for reconsideration.

---

[2] The trial court's oral comments to the parties showed that which party should be awarded custody was an issue in virtual equipoise. It expressed concern over "mother's parenting style and decision-making style" but those concerns did not tip the scales in favor of custody for husband.

[3] Husband has not challenged the order as it pertains to him.

■    Wife also assigns error to the court's requiring her to obtain life insurance naming Sarah as irrevocable beneficiary. Wife argues that ORS 107.820(2) gives the court authority to order the purchase of a life insurance policy only by "the party ordered to pay" child support and that here husband must pay support. However, ORS 107.106 requires a judgment providing for custody to include "[m]aintenance of insurance or other security for support[.]" Although wife does not have a net child support obligation, she does have a support obligation under the shared custody child support obligation. We conclude that the court did not err in requiring the insurance here.

■    Wife's final assignment is that the court erred when it awarded her only $5,700 from the proceeds of the marital residence. She contends that she should have been awarded $37,571.57, which was the "full amount of the proceeds from the sale of her separate property before marriage." However, the parties commingled their resources in their marital homes. Each sold a separate residence when they purchased the South Carolina home, and the $5,700 net gain from the sale of that home was used in the purchase of the Portland residence. The trial court's award of $5,700 as "repayment * * * of her premarital investment" recognized wife's separate contribution. We find no basis on which to disturb the court's distribution.

Judgment modified to delete provision requiring wife to participate in therapy; determination of dependency exemption for tax purposes remanded for reconsideration; otherwise affirmed.