Argued and submitted November 4, 1999, decision of Court of Appeals and judgment of circuit court affirmed March 3, petition for reconsideration denied July 5, 2000

Patricia G. REDLER,
*Petitioner,*

*and*

Lawrence H. REDLER,
*Respondent,*

STATE OF OREGON,
DEPARTMENT OF HUMAN RESOURCES,
*Petitioner-Respondent,*
*Respondent on Review,*

*v.*

Lawrence H. REDLER,
*Respondent-Appellant,*
*Petitioner on Review,*

*and*

Patricia G. REDLER,
*Obligee.*

(CC 88-1199-D-3; CA A95930; SC S45804)

996 P2d 963

Lawrence H. Redler, petitioner on review *pro se*, argued the cause and filed the brief.

Jas. Jeffrey Adams, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, and Leeson, Justices.**

LEESON, J.

** Kulongoski and Riggs, JJ., did not participate in the consideration or decision of this case.

### LEESON, J.

The issue in this case is whether the Court of Appeals erred in affirming a judgment of the trial court that increased the child support obligation of petitioner (father). *Redler and Redler*, 153 Or App 135, 956 P2d 232 (1998). We limit our review to questions of law, ORS 19.415(4), and affirm the Court of Appeals.

Father and mother's 19-year marriage was dissolved in October 1990. At the time, the parties had five minor children, all of whom resided with mother. The trial court found that father's gross monthly income was $6,416, and it ordered him to pay child support in the amount of $1,576 per month. Father appealed, and, in March 1992, the Court of Appeals held that the trial court had misapplied the child support guidelines. *See* ORS 25.270 to ORS 25.280 (establishing child support guidelines). Accordingly, the Court of Appeals remanded the case for recalculation of father's child support obligation. *Redler and Redler*, 112 Or App 203, 208, 827 P2d 1363 (1992).

In July 1992, before the trial court had recalculated father's child support obligation, father filed a motion for an order to show cause under ORS 107.135[1] why his child support obligation should not be reduced. Father's motion stated that the parties' two oldest children no longer resided with mother and that father had experienced "[a] substantial and unanticipated decline" in his income and ability to pay support. In September 1992, after a hearing on father's motion, the trial court found that father's two oldest children were not living with mother, that there had been substantial and

---

[1] ORS 107.135 provides, in part:

"(1) The court has the power at any time after a decree of * * * dissolution of marriage * * * upon the motion of either party * * * to:

"(a) Set aside, alter or modify so much of the decree as may provide for the * * * support and welfare of the minor children * * *.

"* * * * *

"(2) In a proceeding under this section to reconsider the spousal or child support provisions of the decree, the following provisions apply:

"(a) A substantial change in economic circumstances of a party * * * is sufficient for the court to reconsider its order of support."

unanticipated changes in father's circumstances, that father's gross monthly income had dropped to $1,144, and that, under the formula, his child support obligation should be reduced to $218 per month. The court also held that father was entitled to credit for payments that he had made since the divorce decree in 1990 and that, because father was in arrearage on his support payments, the credit to which he was entitled reduced his support arrearage to $12,219.20.

In 1995, the Support Enforcement Division of the Department of Justice (SED) initiated this proceeding under the two-year review provision of ORS 25.287 (1997),[2] seeking to bring father's child support obligation into compliance with the state's child support guidelines. OAR 137-050-0320 to OAR 137-050-0490.[3] SED alleged that father's child support obligation of $218 per month was not in substantial compliance with the child support formula set out in OAR 137-050-0330 and that under ORS 25.287 his support obligation should be modified to $453 per month beginning in November 1995. ORS 25.280 provides:

"In any judicial or administrative proceeding for the establishment or modification of a child support obligation [under specified statutory provisions], the amount of support determined by the formula * * * *shall be presumed to be*

---

[2] ORS 25.287(1) (1997) provided, in part:

"If more than two years have elapsed since the entry of a support order * * * and the support obligation is not in substantial compliance with the formula established by this chapter, [SED] * * * may initiate proceedings to modify the support obligation to insure that the support obligation is in accordance with the formula established by this chapter. *The court, the administrator or the hearings officer shall not consider any issue in the proceeding other than when the support obligation became effective and whether it is in substantial compliance with the formula established by this chapter.* If the court, the administrator or the hearings officer finds that more than two years have elapsed since the entry of the support order and the support obligation is not in substantial compliance with the formula established by this chapter, the court, the administrator or the hearings officer shall modify the support order so that the amount of support to be paid is in accordance with the formula established by this chapter, *whether or not there has been a substantial change of circumstances since the entry of the current support order.*"

(Emphasis added.) The legislature amended ORS 25.287 in 1999 in ways that are not relevant to the issues in this case. Or Laws 1999, ch 735, § 1.

[3] ORS 25.275(1) directs SED to "establish by rule a formula for determining child support awards in any judicial or administrative proceeding." The formula appears in OAR 137-050-0330.

*the correct amount of the obligation.* This shall be a *rebutt-able presumption* and *a* written *finding* or a specific finding on the record *that the application of the formula would be unjust or inappropriate in a particular case shall be sufficient to rebut the presumption.* The following criteria *shall* be considered in making the finding:

"(1)  Evidence of the other available resources of a parent;

"(2)  The reasonable necessities of a parent;

"(3)  The net income of a parent remaining after withholdings required by law or as a condition of employment;

"(4)  A parent's ability to borrow;

"(5)  The number and needs of other dependents of a parent;

"(6)  The special hardships of a parent including, but not limited to, any medical circumstances of a parent affecting the parent's ability to pay child support;

"(7)  *The needs of the child*;

"(8)  The desirability of the custodial parent remaining in the home as a full-time parent and homemaker;

"(9)  The tax consequences, if any, to both parents resulting from spousal support awarded and determination of which parent will name the child as a dependent; and

"(10)  The financial advantage afforded a parent's household by the income of a spouse or another person with whom the parent lives in a relationship similar to husband and wife."

(Emphasis added.)

After a hearing conducted by the Employment Department, *see* ORS 416.419(2)(b) (providing for hearing by Employment Department), the referee found that father's potential gross monthly income was $1,039 and that the presumed amount of his child support obligation under the formula set out in OAR 137-050-0330 was $345. Father attempted to rebut the presumption in ORS 25.280 that the formula establishes the correct amount of a child support obligation by introducing evidence that his two minor daughters who resided with mother were employed as newspaper

carriers. He contended that their earnings made them self-supporting. The referee found that the children's income did not make them self-supporting and that the total child support obligation based on the potential earnings of both father and mother "will provide little more than the necessities" for the children. The referee held that, although the children's earnings "undoubtedly provide clothing, recreation, and other personal items that they otherwise would have to do without," their earnings were "not a basis" for reducing father's share of the support obligation.

Father appealed to the circuit court. *See* ORS 25.316(5) (providing for appeal to circuit court for hearing *de novo*). At the hearing before that court, mother testified that she had earned approximately $3,900 the previous year (gross), and father introduced evidence that his two daughters had earned approximately $3,300 and $2,900, respectively, from their newspaper routes. Based on mother's testimony, father argued that mother was not providing support for the children. The trial court disagreed, reasoning that, "[i]f the children are living with [mother] and they are living in her home, she's paying support." Father then argued that, under ORS 107.415,[4] he was entitled to credit against his support arrearage because his daughters had received income from their gainful employment. The trial court refused to consider the daughters' income for that purpose.

At the conclusion of the hearing, the trial court found that father's gross monthly income was $1,000 and that the presumed amount of his child support obligation under the formula set out in OAR 137-050-0330 was $300 per month.[5]

---

[1] ORS 107.415 provides, in part:

"(1) If a party is required by a decree of a court in a domestic relations suit * * * to contribute to the support * * * of a minor child while the other party has custody thereof, the custodial parent shall notify the party contributing such money when the minor child receives income from the gainful employment of the child * * *.

"(2) Any custodial parent who does not provide notice, as required by subsection (1) of this section *may be required by the court to make restitution to the contributing party of any money paid*, as required by the decree. * * *"

[5] The state conceded at oral argument before this court that the final amended judgment contained a scrivener's error regarding father's monthly income and that father's monthly support obligation under the formula should be $233 per month, not $300 per month. At this court's suggestion, the state filed a motion in the trial

The court held that father was not entitled to credit against his child support arrearage. It did not find that it would be unjust or inappropriate in this case to apply the formula.

Father appealed to the Court of Appeals. ORS 19.415(3). In a split en banc decision, the Court of Appeals affirmed. That court held that "[n]othing in the language of [ORS 25.280] *requires* the courts or referees to take any action if they decide not to depart from the amount presumed correct under the formula." *Redler,* 153 Or App· at 140. (Emphasis in original.)

█      The first question is whether, in this proceeding under ORS 25.287 (1997) to modify a child support obligation, the Court of Appeals erred in upholding the trial court's refusal to consider the children's income as part of father's argument that, under ORS 107.415, father is entitled to credit against his support arrearage. For the reasons that follow, we hold that the Court of Appeals did not err.

ORS 25.287 (1997) explicitly provided that, in a proceeding to modify a child support obligation, "[t]he court, the administrator or the hearings officer shall not consider any issue * * * other than when the support obligation became effective and whether it is in substantial compliance with the formula * * *." By contrast, the issue in a proceeding under ORS 107.415 is whether the noncustodial parent is entitled to restitution because the custodial parent failed to notify the noncustodial parent that the child receives income from the child's employment or if the child is married or enters the military service. The wording of ORS 25.287 (1997) makes clear that not all matters that are appropriate for consideration in a proceeding under ORS 107.415 are appropriate for consideration in a proceeding to modify a child support obligation. Even assuming that father is entitled to restitution under ORS 107.415(2), that entitlement does not affect the amount of his child support obligation under ORS 25.280.

In this case, father sought to introduce the amount of his children's income to establish his entitlement to credit

court for an order to correct the amended judgment. The trial court subsequently entered a corrected amended judgment *nunc pro tunc* on January 9, 1997, reflecting that amount.

against his support arrearage under ORS 107.415. The trial court properly refused to consider the children's income for that purpose, and the Court of Appeals majority correctly affirmed the court's refusal to do so.

We turn to father's argument that the Court of Appeals erred in affirming the trial court's failure to find that it would be unjust or inappropriate in this case to apply the formula in determining father's child support obligation. Father's argument is that, because he introduced uncontroverted evidence that his daughters' combined income from their newspaper routes was $6,200, he succeeded in rebutting the presumption in ORS 25.280 and the trial court should have made a finding to that effect. The state responds that the trial court and the Court of Appeals did not err, because "a party challenging the presumptively correct [formula] amount on the basis of children's income has the dual burdens of coming forward with evidence and of persuading the tribunal to depart from the [formula] amount," which father in this case failed to do.

Whether the trial court erred in failing to find that it would be unjust or inappropriate to apply the formula in this case requires us to construe ORS 25.280 to determine the intent of the legislature regarding application of the formula. We follow the familiar methodology summarized in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). At the first level of analysis, we examine the text and context of the statute. The text is the best evidence of the legislature's intent. If the legislature's intent is clear from the first level of analysis, then no further inquiry is necessary. *Id.* at 611. We give words of ordinary usage their plain, natural, and ordinary meaning, *id.*, and we give words that have a well-defined legal meaning their legal meaning, *Stull v. Hoke*, 326 Or 72, 78, 948 P2d 722 (1997).

ORS 25.280 applies to any judicial or administrative proceeding to establish or to modify a child support obligation. In such a proceeding, the statute provides that the formula "shall be presumed to be the correct amount of the obligation." ORS 25.280. However, the presumption is "a rebuttable presumption * * *." *Id.* A written finding or a specific finding made on the record "that the application of the

formula would be unjust or inappropriate" is sufficient to rebut the presumption. *Id.* The statute lists ten criteria that "shall be considered" in making the finding that it would be unjust or inappropriate to apply the formula in a particular case. *Id.*

■ ORS chapter 25 does not define the term "presumption." However, the term has a well established legal meaning. OEC 308 provides:

> "In civil actions and proceedings, a presumption imposes on the party against whom it is directed the burden of proving that the nonexistence of the presumed fact is more probable than its existence."

A rebuttable presumption is one that may be overcome if the party against whom the presumption is directed submits probative evidence that the nonexistence of the presumed fact is more probable than its existence. *See Massee and Massee,* 328 Or 195, 204, 970 P2d 1203 (1999) (so stating). The party seeking a departure from the presumed amount of a child support obligation under the formula has the burden of rebutting the presumption in ORS 25.280.

■ ORS 25.280 permits a departure from the presumptively correct amount of support only if it would be "unjust or inappropriate in a particular case" to apply the formula. *See Eck v. Market Basket,* 264 Or 400, 406, 505 P2d 1156 (1973) (determining whether "unjust" to allow amendment of pleadings requires exercise of discretion). The text of ORS 25.280 makes clear that, to make a finding that application of the formula would be unjust or inappropriate in a particular case, there must be evidence in the record to support the finding. Nothing in the context of ORS 25.280 casts doubt on that conclusion. We therefore hold that the party seeking to rebut the presumption in ORS 25.280 has the burden of coming forward with probative evidence that would support a finding that it would be unjust or inappropriate to apply the formula in establishing a child support obligation.

However, as noted, the presumption *can* be rebutted. To the extent that the Court of Appeals' decision implies

that it *never* would be error to fail to find that the presumption had been rebutted, we disagree. There might be circumstances in which a party submits such probative evidence that it would be an abuse of discretion *not* to find that it would be unjust or inappropriate to apply the formula. However, that is not the situation in this case.

■ At the trial court hearing, father introduced evidence that his daughters' combined annual income the previous year had been approximately $6,200. Mother testified that she had earned approximately $3,900 the previous year. Father apparently believes that, because each of his daughters had earned almost as much as their mother had earned, the trial court abused its discretion in failing to find the children no longer needed support from father. *See* ORS 25.280(7) ("needs of the child" to be considered in determining whether presumed amount of support rebutted). Father is mistaken. In addition to the amount of the children's income, the record in this case contains evidence that father and mother have only part-time jobs and that both earn either the minimum wage per hour or only slightly more than the minimum wage. Mother testified that, even with the children's newspaper route money, the family's financial situation is "tight." Father introduced no evidence that his daughters' income diminished their need for support from him. On this record, the trial court did not abuse its discretion in holding that the formula in ORS 25.280 established the correct amount of father's child support obligation.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.