No. 674　　　September 25, 2024　　　187

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Lisa Denise Tessmann KLEMP,
aka Lisa Andrach,
*Petitioner-Appellant,*

*v.*

Theodore ANDRACH, Jr.,
*Respondent-Respondent.*

Deschutes County Circuit Court
16DR22054; A178957

Alycia M. Herriott, Judge.

Argued and submitted December 5, 2023.

Lisa Andrach argued the cause and filed the brief *pro se*.

No appearance by respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

Kamins, J., dissenting.

**EGAN, J.**

Mother appeals from a supplemental judgment modifying a domestic relations judgment. Mother presents two assignments of error: First, she argues that the trial court erred by not requiring that father maintain a life insurance policy as a security for the child support award; second, mother argues that the trial court erred by denying her request for an upward deviation in the presumed child support award to include the private tuition expense for the children.[1] We determine that the trial court did not err when it addressed the issue of insurance in its order, the trial court did not abuse its discretion when denied mother's request that the court order father purchase life insurance, and the trial court did not abuse its discretion when it ordered the presumptive child support award. Accordingly, we affirm.

We decline to review this case *de novo* as mother does not "concisely state the reasons why the court should do so" as required by ORAP 5.40(8)(c) and ORAP 5.40(8)(a). Nor is this an "exceptional case" warranting such review. *See* ORS 19.415(3); ORAP 5.40(8)(c). "Accordingly, we recount the facts 'consistently with the trial court's express and implied findings, supplemented with uncontroverted information from the record.'" *Davis and Lallement*, 287 Or App 323, 324, 401 P3d 1230 (2017) (internal quotation marks and citation omitted).

## BACKGROUND

Mother and father share two children and have never been married. In 2017, the trial court entered a support award judgment, requiring father pay $1,977 in monthly child support to mother. In 2018, mother and father began cohabitating, and mother asked to cease the 2017 child support award as father paid child support directly to mother while they were cohabitating. The state, in response, modified the judgment award to $0. Mother and father stopped cohabitating in June 2021, at which point, father stopped making voluntary child support payments to mother.

The two children have been attending a private school since the 2020-2021 school year. Mother and father

---

[1] Father does not appear on appeal.

initially both contributed 50 percent of the tuition costs, but father has not contributed to those costs since mother and father stopped cohabitating. Mother paid for the children's 2022-2023 school-year tuition on her own.

On February 18, 2022, mother filed a motion to modify the support award judgment based on a substantial change in circumstances, requested that both parents be equally liable for the children's private school tuition, and requested that father carry life insurance in the amount of $300,000. The trial court held a hearing in June 2022, during which mother presented extensive evidence relating to her request for an upward deviation of the child support award, arguing that the children's private school attendance was in their best interests. Mother presented evidence that both children have engaged in self-harm, one of the children has vocalized suicidal ideation, and the children's private school provides adequate supervision and monitoring to prevent harm and provide the children emotional safety. Mother also presented evidence about the importance of the children's religious education that they receive at the private school. Although father agreed that it was in the children's best interest to attend their private school, he testified that he could not afford the private schooling and the economic burden of providing his half of the tuition would lead to homelessness on his part.[2] Father works as a fuel delivery truck driver and has a $25,000 life insurance policy through his work.

The trial court ultimately concluded that a substantial change in circumstances had occurred, and it ordered a change in child support. The trial court awarded mother $1,234 in monthly support from father as presumed appropriate under the support guidelines and declined to modify the judgment to include life insurance. The court calculated father's gross monthly income as $4,500, and it found that his "overtime income is not sufficiently recurring, credible,

---

[2] After the hearing, mother moved to strike father's rebuttal argument or, in the alternative, take additional evidence. In her motion, mother characterized father's rebuttal argument as a "request for a *rebuttal deviation from the guidelines* based upon economic hardship." (Emphasis added.) The Family Law Facilitator sent a letter to mother noting that the trial court received and reviewed the motion, and it took no action.

or fully developed to be included in the Court's income deter-
mination." The court calculated mother's gross monthly
income as $7,000.

In its order denying mother's request for an upward
deviation of the presumed child support amount, the court
wrote,

> "Mother has asked the Court to consider the Rebuttal
> Factors contained in OAR 137-050-0760 to adjust the pre-
> sumed child support amount. Therefore, Mother has the
> burden of supplying probative evidence to support a find-
> ing that it would be unjust or inappropriate to impose the
> presumed amount of child support under the Guidelines.
> The Court considered the evidence submitted, the fact that
> Mother and Father have joint legal custody, and ultimately
> weighed the Rebuttal Factors. The Court does not find that
> the presumptively correct obligation is unjust or inappro-
> priate and specifically rejects an upward deviation under
> the Child Support Guidelines."

## DISCUSSION

We begin with mother's second assignment of error,
in which mother alleges that the trial court erred when it
denied her request to adjust the presumed child support
amount to require that father pay half of the private tuition
expense for the children. Mother argues that the trial court
erred in ordering the presumptive child support obligation,
making three arguments that the children's extraordinary
or diminished needs, as outlined in OAR 137-050-0760(1)(o),
required that the court adjust the presumed amount. First,
mother argues that stability is a legitimate concern as the
two children have been attending the private school their
entire elementary career. Second, mother explains that the
children "suffer from emotional issues that give rise to sui-
cidal idealization and self-harm," and mother submitted
evidence that the private school provided personalized and
supervised support to allow them to work through episodes
of emotional crisis safely. Lastly, mother argues that the
children receive religious training at private school, which
they would not be able to access in public school.

At the hearing, father did not refute mother's argu-
ment that attending the private school was in the children's

best interests, did not refute that the children are experiencing mental health issues, and testified that he did not believe that it is in the children's best interest to attend public school. Father did not submit any written objection to mother's request for a deviation of the child support guidelines. However, father objected at the hearing to the upward deviation based on his inability to pay for the children's tuition. Other than his testimony at the hearing, father did not present evidence about his debts and income to support his argument that he could not afford the private school tuition.

"We review the court's determination of father's child support obligation under the guidelines for errors of law." *Garcia-Ascencio v. Gonzalez*, 321 Or App 751, 752, 517 P3d 332 (2022). However, when a party submits probative evidence to rebut the presumed child support amount pursuant to ORS 25.280, we review the trial court's finding that it would not be unjust or inappropriate to apply the presumed formula for abuse of discretion. *See Redler and Redler*, 330 Or 51, 60-61, 996 P2d 963 (2000) ("There might be circumstances in which a party submits such probative evidence that it would be an abuse of discretion *not* to find that it would be unjust or inappropriate to apply the formula." (Emphasis in original.)). "'If the trial court's decision was within the range of legally correct discretionary choices and produced a permissible, legally correct outcome, then the trial court did not abuse its discretion.'" *State v. Romero*, 236 Or App 640, 643, 237 P3d 894 (2010) (quoting *State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000)).

The formula for child support set out under ORS 25.275 is presumed to be the correct amount of the child support obligation. ORS 25.280. However, the presumed child support amount is a rebuttable presumption, and "a written finding or a specific finding on the record that the application of the formula would be unjust or inappropriate in a particular case is sufficient to rebut the presumption." ORS 25.280; *see also* OAR 137-050-0760(1) ("The presumption that the guideline support amount *** is the correct support amount may be rebutted by a finding that sets out the presumed amount, concludes that it is unjust or inappropriate, and sets forth a different amount and a reason

it should be ordered.). The trial court shall consider several criteria in making its findings, including the parents' net income and the needs of the child. ORS 25.280(1)-(10); *see also* OAR 137-050-0760(1)(o) ("The criteria that may be the basis for rebuttal include *** [t]he extraordinary or diminished needs of the child[.]"). "[T]he party seeking to rebut the presumption in ORS 25.280 has the burden of coming forward with probative evidence that would support a finding that it would be unjust or inappropriate to apply the formula in establishing a child support obligation." *Redler*, 330 Or at 60. The intent of ORS 25.280 is "to provide for an amount of support that is in the best interest of the dependent child." *Petersen and Petersen*, 132 Or App 190, 198, 888 P2d 23 (1994). "Although the first priority is to provide adequate support for the children, the amount of support required of the obligated parent must not exceed the ability to pay and must not preclude the ability to support oneself." *Koch and Koch*, 110 Or App 497, 501, 823 P2d 442 (1992).

The question before us is whether the trial court abused its discretion when it ordered the presumed child support award despite the evidence about the children's needs that mother presented to rebut the presumption. In *Redler*, the father argued that the trial court erred in ordering him to pay the presumptive amount in child support. 330 Or at 59. The father requested a downward deviation, arguing that it was unjust and inappropriate to apply the presumptive amount when his daughters earned their own income and were self-supporting. *Id*. at 57-58, 59, 61. The Supreme Court determined that the trial court did not abuse its discretion, because the father "introduced no evidence that his daughters' income diminished their need for support from him," and the mother testified that, even with the children's income, "the family's financial situation is 'tight.'" *Id*. at 61. Thus, the Supreme Court determined that the trial court did not abuse its discretion by ordering the presumptive child support award. *Id*.

In this case, the trial court did not abuse its discretion when, after reviewing the rebuttal factors, it found that the presumptive child support award was not unjust or inappropriate. Father testified that he could not afford the

upward deviation from the presumed child support amount, and he testified that requiring that he pay half of the private-school tuition would lead to homelessness on his part. The trial court could consider father's net income—along with the children's needs—in deciding whether it would be unjust or inappropriate to apply to presumed child support obligation. *See* ORS 25.280(3). Therefore, the trial court did not abuse its discretion when it did not find that "the presumptively correct obligation is unjust or inappropriate."

We now turn to mother's first assignment of error, in which she argues that the trial court erred by not requiring father to maintain a life insurance policy as security for the child support award pursuant to ORS 107.106(1)(a)(B) and ORS 107.820. At the hearing, mother argued that father's job was extremely hazardous and involved a great amount of risk, so the court should order father to maintain a life insurance policy of $300,000 to sufficiently support the children. Father argued that in light of his income and living expenses, he could not afford the premium for life insurance in that amount, and he also presented evidence that he currently had a $25,000 life insurance policy that he purchased through his work. The court did not explain its reason for denying mother's request for father obtain life insurance.

ORS 107.106(1)(a)(B) provides that "[a]n order or judgment for the *** support of a child *** shall include provisions *addressing* the issue[] of: *** maintenance of insurance or other security for support[.]" (Emphasis added). An order for child support "constitutes an insurable interest in the party awarded the right to receive the support." ORS 107.820. And when a judgment creates an obligation of child support,

> "[i]f the party ordered to pay support *** has no life insurance policy naming as beneficiary the party ordered to receive *** support *** or if an existing policy is inadequate to cover the obligation, the court in a judgment *may order* that the party ordered to pay shall purchase a life insurance policy naming as beneficiary the party ordered to receive the support ***."

ORS 107.820(2) (emphasis added).

We have previously stated that "ORS 107.106 *requires* a judgment providing for custody to include '[m]aintenance of insurance or other security for support.'" *Willey and Willey*, 155 Or App 352, 357, 963 P2d 141 (1998) (emphasis added). In *Willey*, the wife argued that the trial court erred in requiring her to obtain life insurance naming her daughter as the beneficiary, because "ORS 107.820(2) gives the court authority to order the purchase of a life insurance policy only by 'the party ordered to pay' child support," and the husband was the only party required to pay support. *Id*. We concluded that the court did not err in requiring the wife obtain life insurance, because even though the wife did not have a net child support obligation, she "had a support obligation under the shared custody child support obligation." *Id*. Thus, according to *Willey*, a parent may be ordered to purchase life insurance, despite not having a child support payment obligation, when the parent shares an obligation to support the children. *Id*.

The question before us is different from the issue presented in *Willey*. In this case, mother argues that the trial court erred when it denied her request that father obtain life insurance as a security for his child support obligation—*i.e.*, mother argues that ORS 107.106 compels a trial court to order a party purchase life insurance when it orders the party pay child support. But the statutes indicate that a trial court is not required to order a party obtain life insurance when it orders a support obligation. As articulated in ORS 107.820(2), a trial court "may order" a party purchase a life insurance policy, but the statutes do not *require* that the trial court order a party to obtain life insurance. ORS 107.106 requires a court *address* the issue of insurance, and in this case, the trial court addressed the issue of insurance in its letter order when it said that it was "not modifying the Judgment to include mandatory Life Insurance for either party." Thus, the trial court did not err when it denied mother's request, because the trial court's order "address[ed] the issue[]" of life insurance. ORS 107.106.

The trial court has discretion to order a party purchase life insurance when that party is ordered to pay child support. *See* ORS 107.820(2) ("[T]he court in a judgment

*may order* that the party ordered to pay shall purchase a life insurance policy naming as beneficiary the party ordered to receive the support \*\*\*."); *see also Coates and Coates*, 318 Or App 772, 775, 508 P3d 59 (2022) (concluding that the trial court acted within its discretion when it ordered that the husband maintain life insurance for the wife's benefit because there was "evidence in the record to support the trial court's finding that the wife was entitled to spousal support backed by a life insurance policy, as permitted, and encouraged, by ORS 107.810 to 107.820"). As previously noted, when trial court's decision "was within the range of legally correct discretionary choices and produced a permissible, legally correct outcome, then the trial court did not abuse its discretion." *Romero*, 236 Or App at 643 (internal quotation marks and citation omitted). The statutes do not require that the trial court make findings, and they do not provide guidance for the trial court's exercise of discretion on whether to order life insurance.

We conclude that the trial court did not abuse its discretion when it denied mother's request that father obtain life insurance as a security for his support obligation. Father testified that he could not afford the expense of the life insurance policy that mother requested. The trial court was permitted to rely on that evidence to deny mother's request that father purchase life insurance. Accordingly, the trial court did not abuse its discretion.

Affirmed.

**KAMINS, J.,** dissenting.

"When a trial court makes a discretionary decision, the record must reflect a proper exercise of that discretion." *Olson and Olson*, 218 Or App 1, 15, 178 P3d 272 (2008). And when a trial court fails to make an adequate record for appellate review, that failure itself constitutes an abuse of discretion that "normally require[s] at least a remand to make an adequate record." *A. D. L. and Lane*, 325 Or App 355, 362, 529 P3d 294 (2023).

As explained below, in this case, the trial court did not create a sufficient record for us to review its exercise of discretion. I would remand—as is routine in these

circumstances—to allow the trial court to do so. Consequently, I respectfully dissent. Mother's first assignment of error challenges the trial court's unexplained decision not to require father to maintain a life insurance policy. An order providing for child support *must* address life insurance. ORS 107.106 (1)(a)(B) (order "shall include * * * [p]rovisions addressing * * * [m]aintenance of insurance or other security for support"). And it is settled law that "the court *must* explain its findings for awards of life insurance." *Boatfield and Boatfield*, 297 Or App 716, 724, 447 P3d 35 (2019) (emphasis added). In *Boatfield*, we remanded for, among other reasons, the trial court to "reconsider and articulate its findings regarding the adequate amount of life insurance." *Id.*

In this case, the trial court did not provide any explanation for its findings—or any findings or explanation at all—when it denied mother's request to order that father obtain and maintain adequate life insurance as security for the award of child support. The trial court's failure to do so was in direct contravention of *Boatfield*. Although *Boatfield* concerned a request for life insurance to secure an award of spousal support rather than child support, the statutory scheme that encourages awards of life insurance does not distinguish between spousal support and child support. *See* ORS 107.810 (noting it is the "policy of the State of Oregon to encourage persons obligated to support other persons as the result of a dissolution * * * to obtain or to cooperate in the obtaining of life insurance adequate to provide for the continued support of those persons in the event of the obligor's death"). And when, as here, "inadequate findings prevent us from providing meaningful appellate review of a discretionary * * * ruling, we typically remand for additional findings." *Jaimez v. Rosales*, 323 Or App 741, 743, 525 P3d 92 (2023) (addressing attorney fee ruling but observing that "[t]hat practice is tied to the nature of discretionary rulings [and] is not limited to fee rulings"); *Mitchell and Mitchell*, 271 Or App 800, 816, 353 P3d 28 (2015) (reversing and remanding the trial court's ruling because it did not offer an "explanation of how it chose the amount of life insurance that husband was ordered to maintain * * * and nothing in the record provide[d] an evidentiary basis" for its decision). In my view, that is what we should do in this case.

For similar reasons, I would also remand as to mother's second assignment of error, challenging the trial court's decision not to award mother an upward deviation from the presumed child support amount to account for the cost of tuition at the private school that the parties' young children attend. There is ample evidence to support the determination—which neither party appears to dispute—that continuing at the private school where the children have spent "their entire elementary career" is critical to meeting the children's special needs. And despite previously helping pay for the school and earning at least $54,000 annually, father testified that, if he were required to contribute any portion of the tuition, he would be, in his own words, "living under a bridge or a park bench." That testimony appears to be the only source in the record for the trial court's unexplained decision to deny mother any assistance in paying for the necessary school tuition. Particularly given that there was no dispute that the school was vital to meet the children's special needs and no evidence that father could not afford to contribute any amount of money to the tuition, the trial court needed to explain its exercise of discretion. *See Niman and Niman*, 206 Or App 259, 274-76, 136 P3d 105 (2006) (ordering both parents to contribute to children's school tuition because it was "required to meet the children's needs"). Although that "explanation need not be lengthy or complex, it must comport with the applicable legal framework and describe the basic reasons for the decision." *Olson*, 218 Or App at 15; *see also Muthukan and Easterbrook*, 306 Or App 579, 581-88, 475 P3d 459 (2020) (reversing and remanding a marital dissolution judgment where it was "not possible to determine" the court's reasoning for the challenged property division and therefore not possible to "review whether the trial court's judgment [wa]s within its range of discretion" particularly given that one possible rationale for its discretionary decision "would be a stretch on this record"); *Boatfield*, 297 Or App at 724 (remanding for trial court to explain its findings regarding spousal support);

Accordingly, I respectfully dissent. I would vacate and remand for the trial court to create a sufficient record to allow meaningful appellate review.