No. 738        October 16, 2024        527

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

John Adam DAVIES,
*Petitioner-Respondent,*
*and*

Kristen Leigh DAVIES,
nka Kristen Danielson,
*Respondent-Appellant.*

Jackson County Circuit Court
21DR03118; A180286

Charles G. Kochlacs, Judge.

Argued and submitted March 12, 2024.

George W. Kelly argued the cause and filed the briefs for appellant.

Melisa A. Button argued the cause for respondent. Also on the brief was Hornecker Cowling, LLP.

Before Joyce, Presiding Judge, Lagesen, Chief Judge, and Egan, Judge.*

JOYCE, P. J.

Vacated and remanded.

_____
    * Egan, J., *vice* Jacquot, J.

**JOYCE, P. J.**

Mother appeals from a supplemental judgment awarding child support. She raises two assignments of error, arguing that the trial court erred in (1) denying mother's request for a rebuttal to the guidelines support award, and (2) ordering support according to guidelines that were amended after the court issued its ruling but before the final judgment was entered. We conclude that, because the trial court failed to make an adequate record for appellate review, we cannot meaningfully review whether the court properly exercised its discretion in denying mother's request for a rebuttal to the guidelines support award.[1] Accordingly, we vacate and remand.

"[W]e recount the facts 'consistently with the trial court's express and implied findings, supplemented with uncontroverted information from the record.'" *Davis and Lallement*, 287 Or App 323, 324, 401 P3d 1230 (2017) (quoting *Tilson and Tilson*, 260 Or App 427, 428, 317 P3d 391 (2013)). Mother and father married in 2018 and had one child. Both parents are veterinarians. The parents divorced in December 2021. The trial court granted custody to mother, parenting time to father, and allowed mother to relocate from southern Oregon to Portland. The court also ordered that child support "shall be per Guidelines," and set father's child support obligation at $2,147.41 per month. In reaching that amount, the trial court set childcare costs at $1,205 per month, which was the cost of full-time daycare for the child.

Mother and the child moved to Portland in February 2022. In May 2022, father moved to modify child support based on unanticipated substantial changes in economic circumstances, contending that his income had decreased after he became self-employed and that childcare was no longer a significant expense for mother. Mother objected to the motion and also asked that, if the court were to find an unanticipated change in circumstances, child support be recalculated in light of the childcare costs she was incurring. Mother estimated her childcare costs at $4,019 per

---

[1] We do not address mother's second assignment of error because that issue likely will not arise on remand.

month and requested that those full costs be considered a rebuttal to the guideline child support calculation. Mother asked the court to find that her childcare costs are a "reasonable necessity." OAR 137-050-0760(1)(b).

At the hearing on the motion, father urged the court to use "the Portland maximum" for mother's childcare expenses. *See* OAR 137-050-0735(3). Mother testified that she began working as an emergency veterinarian in Portland in May 2022, earning roughly $16,600 per month, and offered evidence that, due to the demands of her schedule, she spends $4,019 per month on childcare, including part-time preschool and a nanny, who is able to cover mother's many overnight, weekend, and swing-shift work hours. She asked the court to use that figure as a rebuttal to the presumptive child support calculation.

In its opinion letter, the court did not expressly rule on the disputed question of whether there had been an unanticipated and substantial change of circumstances. ORS 107.135(3)(a). However, it recalculated the child support amount. It set father's income at the same amount that it had been before he became self-employed. Then it determined that "[m]other's day care is the maximum PDX rate per OAR 137-050-0735, $1,415/mo., effective September 1, 2022." Father objected, noting that "[t]he maximum Portland rate for childcare pursuant to OAR 137-050-0735 is $1,060."[2] In response, mother asked the court to reconsider its ruling and find that her childcare costs were a basis to rebut the presumptive child support amount. The court entered the supplemental judgment, setting childcare costs at $1,060 per month and calculating father's obligation at $1,880.80 per month—the presumptive guideline amount.

We review the trial court's determination of a child support obligation under the guidelines for errors of law. *Garcia-Ascencio v. Gonzalez*, 321 Or App 751, 752, 517 P3d 332 (2022). However, we review for abuse of discretion a trial court's determination that it would not be unjust or

---

[2] In setting the amount at $1,415, it appears that the trial court used the maximum amount for a child younger than three. In a second opinion letter, the court clarified that its "intent was to allow the maximum amount of childcare by provider location pursuant to Table 1 of [OAR] 137-050-0735, not realizing the child had turned 3."

inappropriate to apply the presumed formula when a party offers probative evidence to rebut the guideline amount. *Klemp v. Andrach*, 335 Or App ___, ___ P3d ___ (2024) (slip op at 5); *see Redler and Redler*, 330 Or 51, 60-61, 996 P2d 963 (2000) ("There might be circumstances in which a party submits such probative evidence that it would be an abuse of discretion *not* to find that it would be unjust or inappropriate to apply the formula." (Emphasis in original.)).

Mother argues that the trial court abused its discretion in rejecting her request to consider her increased childcare costs as a rebuttal to the child support guideline amount.[3] Because the trial court did not explain its reason for rejecting that request, the record is insufficient for our review, and consequently, we remand for the court to explain its reasoning. *See Olson and Olson*, 218 Or App 1, 15, 178 P3d 272 (2008) ("When a trial court makes a discretionary decision, the record must reflect a proper exercise of that discretion."); *see also Jaimez v. Rosales*, 323 Or App 741, 743, 525 P3d 92 (2023) (when a trial court's reasoning is not sufficiently ascertainable for meaningful appellate review "we typically remand for additional findings").

Mother presented evidence that, because of her vocation as an emergency veterinarian, she requires a nanny and part-time preschool to allow her to work weekends, overnights, and swing shifts. And mother offered evidence that those childcare costs are roughly four times the maximum amount allowed under the guidelines. ORS 25.275; OAR 137-050-0700 to 137-050-0765 (setting out the guidelines for calculating child support); OAR 137-050-0735(3) (childcare costs must be reasonable and, with exceptions not applicable here, must not exceed the maximum amounts set out in Table 1). Mother thus contended that that evidence demonstrated that it would be unjust or inappropriate to set father's child support obligation under the formula according to the guidelines. *See* ORS 25.280; OAR 137-050-0760(1) (presumptive guideline amount "may be rebutted by a finding that sets out the presumed amount, concludes that it is

---

[3] Mother does not challenge the court's implicit determination that there had been a "substantial change in economic circumstances of a party." ORS 107.135(3)(a).

unjust or inappropriate, and sets forth a different amount and a reason it should be ordered").

The trial court set father's child support obligation at the presumptive amount under the guidelines, implicitly rejecting mother's argument. However, without knowing why the court rejected mother's argument, we cannot review its decision. We can speculate as to the variety of possible reasons underlying the court's decision—some based on legal conclusions, others based on factual assessments—but, on this record, we cannot ascertain the court's actual reasoning. Although a court's "explanation need not be lengthy or complex, it must comport with the applicable legal framework and describe the basic reasons for the decision." *Olson*, 218 Or App at 15; *see also Muthukan and Easterbrook*, 306 Or App 579, 581-88, 475 P3d 459 (2020) (reversing and remanding a marital dissolution judgment where it was "not possible to determine" the court's reasoning for the challenged property division and therefore not possible to review whether the trial court's decision was within its permissible range of discretion).

The absence of any explanation or findings prevents meaningful appellate review in this case. Accordingly, we vacate and remand for the trial court to create a sufficient record to allow meaningful appellate review.

Vacated and remanded.