**Deborah SWEEP, Petitioner, Appellant,**

v.

**Dale SWEEP, Richard and Marlene Peterson, Respondents.**

**No. C9-84-1026.**

Court of Appeals of Minnesota.

Nov. 27, 1984.

Kurt M. Anderson, Willmar, for appellant.

Dennis Neeser, Willmar, for Richard and Marlene Peterson.

Considered and decided by PARKER, P.J., and FORSBERG and RANDALL, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

Deborah Sweep petitioned for an order for protection from her husband, Dale Sweep, on behalf of herself, her three children, and Dale Sweep's daughter, Tracy. At the hearing on the petition, custody of Tracy was granted to Tracy's maternal grandparents, the Petersons, and Deborah Sweep appealed. Dale Sweep originally joined in Deborah Sweep's appeal, but has since dropped his appeal. We affirm.

## FACTS

Tracy Sweep has lived with her father, the appellant, and appellant's three children since July 1981. Her mother died in 1980. In April 1984 appellant sought an order for protection against Dale Sweep, alleging that he had sexually abused one of the children. Appellant also initiated criminal charges against Dale Sweep, to which he pleaded guilty. He is now serving a one year sentence in the county jail.

Tracy's maternal grandparents, Richard and Marlene Peterson, appeared at the domestic abuse hearing and sought custody. They testified at the hearing, as did appellant and Sandra Anderson, a social worker with the Kandiyohi County Family Services Department. The trial court gave appellant custody of her three children and ordered custody of Tracy gradually transferred to the Petersons over a sixty day period.

## ISSUES

1. Is an order for protection which temporarily transfers custody of a minor child an appealable order?

2. Does appellant have standing to appeal the order?

3. Did the trial court abuse its discretion in granting custody of Tracy to her maternal grandparents?

## ANALYSIS

### I.

 An order for protection issued pursuant to the Domestic Abuse Act, Minn. Stat. § 518B.01 (Supp.1983), is an appealable order because it "determine[s] the action." Minn.R.Civ.App.P. 103.03(c). *See Kass v. Kass,* 355 N.W.2d 335 (Minn.Ct. App.1984).

### II.

 Respondents argue that appellant does not have standing to appeal the transfer of custody because appellant has no legal interest in Tracy's custody and Dale Sweep, Tracy's father, does not oppose the trial court's order. Appellant, however, was the petitioner below. It is fundamental that parties to an action who are aggrieved by the decision of the trial court have the right to seek review. Challenges to appellant's standing based upon her position as the child's non-adoptive stepparent go to the merits of the custody issue, not appellant's right to appeal.

### III.

 Respondents, Tracy's maternal grandparents, appeared at the hearing on the domestic abuse petition and sought custody of Tracy. They gave no notice of their intentions, either to the court or to appellant, nor did they seek an order allowing intervention. Because appellant was not aware that her request for custody of Tracy as well as her own three children would be opposed, she was not represented by counsel at the hearing.

Despite our feeling that respondents should have sought leave to intervene or at least given notice of their intent to seek custody, we believe the trial court did not abuse its discretion in granting custody to respondents. The focus in any custody determination is, and must be, on the best interest of the child. Were we to do other than affirm the court's exercise of its discretion, we would be introducing more instability into Tracy's life, especially since the limited duration of an order for protec-

tion, the father's incarceration and impending divorce, and the father's acquiescence in Tracy's placement with respondents, make it probable that respondents would eventually prevail in a subsequent custody action.

## DECISION

The trial court's order granting custody of Tracy to her maternal grandparents was not an abuse of discretion.

Affirmed.