**Richard W. GRAUPMANN, et al., Appellants,**

v.

**RENTAL EQUIPMENT AND SALES COMPANY, et al., Respondents.**

No. C9–88–1195.

Court of Appeals of Minnesota.

July 12, 1988.

John M. Steele, Minneapolis, for appellants.

Don C. Day, Peahl & Day, Minneapolis, for respondents.

Considered at Special Term and decided by WOZNIAK, C.J., and HUSPENI and SHORT, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Appellants commenced this action against respondents, who then moved for summary judgment based on res judicata. The trial court granted that motion by order dated April 27, 1988, completely dis-missing appellants' action. Appellants filed this appeal on June 6 seeking review of the April 27 order for summary judgment. This court questioned jurisdiction and directed the parties to file memoranda on the appealability of the order.

### DECISION

An order granting summary judgment is nonappealable. *Credit Union of Minneapolis Board of Realtors v. Ralston*, 296 Minn. 491, 492, 206 N.W.2d 657, 658 (1973); Minn.R.Civ.App.P. 103.03. The April 27 order is not appealable and the proper appeal is from a judgment entered pursuant to that order. *See* Minn.R.Civ. App.P. 103.03(a).

Counsel claims the district court administrator indicated it does not generally enter judgment where an order dismisses an action. (In fact, no judgment has yet been entered pursuant to the April 27 order.) The district court administrator is *required* to enter "judgment upon the verdict of a jury, or upon an order of the court for the recovery of money only or for costs or *that all relief be denied* * * *." Minn. R.Civ.P. 58.01 (emphasis added). Although the April 27 order failed to specifically direct entry of judgment, the district court administrator is required by Rule 58.01 to enter judgment. The district court administrator must enter judgment on all orders of dismissal, except dismissals for lack of jurisdiction. *Id.; see Bulau v. Bulau*, 208 Minn. 529, 530, 294 N.W. 845, 846–47 (1940).

Appeal dismissed.