James SWENSON, et al., Appellants,

v.

CITY OF FIFTY LAKES, Harvey Buchite, Respondents.

No. CO–89–575.

Court of Appeals of Minnesota.

May 16, 1989.

Luke M. Seifert, St. Cloud, for James Swenson, et al.,

John W. Person, Breen and Person, Brainerd, for City of Fifty Lakes.

James M. Gammello, Rode, Lucas, Schellhas & Gammello, Pequot Lakes, for Harvey Buchite.

Considered at Special Term and decided by WOZNIAK, C.J., and PARKER and KALITOWSKI, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

The City of Fifty Lakes issued a conditional use permit to respondent Harvey Buchite. Swenson, et al. brought an action in the district court seeking to have the permit vacated. The district court issued findings of fact, conclusions of law and an order for judgment on March 6, 1989. The order, which was also filed on March 6, dismissed appellants' complaint and dissolved a temporary restraining order that had previously been granted. The order specifically directed that a judgment of dismissal be entered.

Appellants filed a notice of appeal on March 28, 1989, attaching a copy of the findings of fact, conclusions of law and order and a notice from the court administrator that the order was filed on March 6, 1989. A judgment of dismissal was subsequently entered *April 6, 1989.*

### DECISION

■ An order for judgment is not appealable. Minn.R.Civ.App.P. 103.03; *Graupmann v. Rental Equipment & Sales Co.,* 425 N.W.2d 861 (Minn.Ct.App. 1988). The proper appeal is from a judgment. *Id.* In this case, the appeal was filed before judgment was entered. An appeal from a judgment prior to its entry is premature and should be dismissed. *Schaust v. Town Board of Hollywood Township,* 295 Minn. 571, 572–73, 204 N.W. 2d 646, 648 (1973).

■ The errors made by appellants' counsel have caused this court to devote limited resources to a jurisdiction question which would have been avoided, if counsel had thoroughly reviewed the Rules of Civil Appellate Procedure.

First, we issued a remedy order requiring counsel's compliance with Minn.R.Civ. App.P. 103.01, subd. 1, since he failed to provide a certified copy of the judgment appealed from and proof of service on the district court. Counsel failed to comply with this order. Instead of providing a certified copy of the judgment appealed from, counsel submitted a copy of the notice of filing of the order sent by the district court administrator. Counsel insisted that the order was " * * * in essence the same thing as a judgment."

We also specifically questioned the existence of a judgment and the propriety of an appeal from an order for judgment. Counsel were referred to a recent Special Term opinion directly on point. Upon receipt of the order, counsel should have promptly researched and investigated the issues raised. This research would have revealed that the appeal was premature.

Counsel should have voluntarily dismissed this appeal. Instead, a member of our central staff was required to research and brief the jurisdiction issues and a panel of three judges was convened to decide the matter.

Sanctions will be assessed against counsel whose careless errors unnecessarily burden this court. Wozniak, Lehr & Arrigoni, *Common Errors in Appellate Practice,* Finance & Commerce, Dec. 24, 1987, at 28, *reprinted in* 13 *Minnesota Trial Lawyer,* no. 2 at 17 (1988). Copies of the *Common Errors* article are provided to all counsel upon the filing of appeals.

Unfortunately, this is not an isolated case. Review of careless errors consumes an inordinate share of the court's time and resources. The errors of appellants' counsel justify the imposition of sanctions. Counsel shall pay $100 to the Clerk of the Appellate Courts.

Appeal dismissed.