**In re the Marriage of Susan K. SHEERAN, Petitioner, Appellant,**

v.

**Thomas A. SHEERAN, Respondent.**

**No. C9–92–164.**

Court of Appeals of Minnesota.

March 17, 1992.

attorney fees award. The *order* denying modification is appealable. *See Angelos v. Angelos,* 367 N.W.2d 518, 520 (Minn.1985) (final orders denying or granting modification of custody, visitation, maintenance, or support are appealable as of right). This court questioned whether appeal of the attorney fees award must be taken from a *judgment.* Only appellant filed a jurisdiction memorandum.

## DECISION

The trial court administrator is required to enter judgment "forthwith" upon an order for the recovery of money only "unless the court otherwise directs." Minn. R.Civ.P. 58.01. Here, the order awarding money to respondent for his attorney fees is an order upon which judgment must be entered, even though the trial court did not specifically direct entry of judgment. The proper appeal, therefore, is from the judgment. *See Graupmann v. Rental Equip. & Sales Co.,* 425 N.W.2d 861, 862 (Minn. App.1988) (because Rule 58.01 mandates entry of judgment upon order denying all relief, appeal must be taken from a judgment, even though trial court did not direct entry of judgment).

Judgment was entered upon the order awarding attorney fees in this case on February 11, 1992. In the interests of judicial economy, we will extend review to the February 11, 1992 judgment and allow the entire appeal to proceed. Normally, however, an order for the recovery of money must be reduced to judgment prior to appeal. *See Schaust v. Town Bd. of Hollywood Township,* 295 Minn. 571, 572–73, 204 N.W.2d 646, 648 (1973) (appeal from judgment prior to entry is premature and must be dismissed).

Appeal to proceed.

Rebecca L. Wessman, Mankato, for appellant.

Perry A. Berg, Patton, Hoversten & Berg, P.A., Waseca, for respondent.

Considered at Special Term and decided by WOZNIAK, C.J., and KALITOWSKI and SCHUMACHER, JJ.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

The parties' 1986 dissolution decree awarded custody of their three children to respondent Thomas A. Sheeran. In August 1991, appellant Susan K. Sheeran moved for modification of custody under Minn.Stat. § 518.18 (Supp.1991). After an evidentiary hearing, the trial court denied the motion by order dated December 27, 1991. The order also awarded respondent $1,000 in attorney fees.

In this appeal from the December 27, 1991 order, appellant challenges both the denial of her modification motion and the