In re the Matter of Kathryn RAMIREZ, et al., Petitioners, Respondents,

v.

**Julie RAMIREZ, Appellant.**

No. C8–00–2115.

Court of Appeals of Minnesota.

July 24, 2001.

Lorne S. Knutson, Knutson & Darling, P.A., St. Paul (for respondents).

Eric J. Braaten, Nicklaus, Braaten & Hollenhorst, PLLC, Chaska (for appellant).

Considered and decided by WILLIS, Presiding Judge, HANSON and FOLEY*, Judges.

## OPINION

WILLIS, Judge

Appellant challenges the district court's grant to her parents of permanent custody

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

of her minor child. We affirm because the district court did not err in concluding that: (1) the requirements for an ex parte temporary-custody order under Minn.Stat. § 518.158, subd. 1 (2000), are inapplicable to a permanent-custody order under Minn. Stat. § 518.156 (2000); and (2) the requirement under Minn.Stat. § 518.158, subd. 4 (2000), that the court "set conditions the parent must meet in order to obtain custody" is inapplicable where the district court exercises its discretion to protect the safety of a child by granting temporary custody to the child's grandparents in an ex parte proceeding, ex parte relief would not have been available under Minn.Stat. § 518.158, and the court subsequently grants permanent custody under Minn. Stat. § 518.156.

## FACTS

Respondents Manuel and Kathryn Ramirez are the parents of appellant Julie Ramirez. Appellant is the mother of the minor child J.R. In November 1999, respondents petitioned the court for permanent custody of J.R. under Minn.Stat. § 518.156 (2000). At the same time, citing "immediate and present danger to [J.R.'s] physical safety," they moved for an ex parte order for temporary custody under Minn. R. Gen. Pract. 303.04. The district court awarded emergency custody to respondents based on its finding of immediate and present physical danger to J.R. if he stayed in appellant's home. The court also ordered an expedited hearing.

At the expedited hearing, appellant "did not object to [respondents] having custody of the minor child on a temporary basis." The court, therefore, awarded temporary sole legal and physical custody to respondents. It also ordered appellant to submit to a chemical and psychological evaluation and ordered the county to conduct a child-custody evaluation. The custody evalua-

tion recommended that respondents be awarded permanent custody of J.R.

Following a contested custody hearing, the district court granted respondents permanent sole legal and physical custody of J.R. Appellant challenges that determination.

## ISSUES

1. Did the district court err by concluding that the requirements for an ex parte temporary-custody order under Minn.Stat. § 518.158, subd. 1 (2000), are inapplicable to a permanent-custody order under Minn. Stat. § 518.156 (2000)?

2. Did the district court err by not setting "conditions the parent must meet in order to obtain custody," as required by Minn.Stat. § 518.158, subd. 4 (2000)?

## ANALYSIS

Appellate review of child-custody determinations "is limited to whether the [district] court abused its discretion by making findings unsupported by the evidence or by improperly applying the law." *Pikula v. Pikula,* 374 N.W.2d 705, 710 (Minn.1985). Appellant argues that the district court improperly applied the law by concluding that Minn.Stat. § 518.158 (2000), which creates a procedure under which the relatives of a minor child can apply for an ex parte temporary-custody order, was inapplicable here. The applicability of a statute is an issue of statutory interpretation, which appellate courts review de novo. *Dabrowski v. Dabrowski,* 477 N.W.2d 761, 764 (Minn.App.1991).

### I.

Section 518.158 describes two sets of circumstances where it is presumed to be in a child's best interests for the court to grant temporary custody to a relative of the child. The first is where the minor child has been residing with a relative for

at least 12 months and either of the following circumstances exist:

> (1) the parent has had no contact with the child on a regular basis and no demonstrated, consistent participation in the child's well-being for six months; or

> (2) the parent, during the time the child resided with the relative, has refused or neglected to comply with the duties imposed upon the parent by the parent and child relationship, including but not limited to providing the child necessary food, clothing, shelter, health care, education, and other care and control necessary for the child's physical, mental, or emotional health and development.

Minn.Stat. § 518.158, subd. 1(a). The second set of circumstances is where the relative has permanent custody of a sibling of the child and either (1) the child is currently residing with the relative and one of the factors listed above is present, regardless of duration or (2) "the application alleges an immediate and present danger to the physical safety of the child in the home of the parent." *Id.*, subd. 1(b).

■ Appellant argues that the district court erred in granting permanent custody because respondents did not allege that J.R. had been living with them for 12 months or that a sibling of J.R. lived with them. But respondents did not seek permanent custody under section 518.158. Rather, they petitioned for permanent custody under Minn.Stat. § 518.156 (2000), which allows any person other than a parent to commence a custody proceeding, allows the parent to be heard at such a proceeding and file responsive pleadings, and requires the court to award custody based on the best interests of the child. *See In re Custody of M.A.L.*, 457 N.W.2d 723, 726 (Minn.App.1990). Appellant argues that the circumstances required by section 518.158 must be present in all cus-

tody proceedings commenced by a non-parent relative, including proceedings for permanent custody under section 518.156.

We find this argument to be without merit. Section 518.158 does not apply to permanent-custody proceedings; it merely establishes presumptions in actions for emergency, temporary relief of limited duration. *See* Minn.Stat. § 518.158, subd. 2 (providing that order issued under that section "is effective for a fixed period not to exceed 14 days."). In addition, adopting appellant's reasoning would achieve the absurd result that, to be granted permanent custody, a non-parent relative seeking custody under section 518.156 would be required to establish one of the sets of circumstances outlined in section 518.158, while a non-relative would not. *See Deal v. Northwood Children's Home Society, Inc.*, 608 N.W.2d 922, 924 (Minn.App.2000) (noting that courts should not construe statute to lead to absurd result if the language will reasonably permit another construction), *review denied* (Minn. June 13, 2000). We find nothing in section 518.156 suggesting that it requires different procedures for relatives and non-relatives or in section 518.158 suggesting that it was intended to alter the procedures created by section 518.156.

Respondents petitioned for permanent custody under section 518.156; as required by that section, the district court held a contested custody hearing and granted custody based on its conclusions regarding the best interests of the child. The court's decision not to import the requirements of another statutory provision into its analysis was not in error.

## II.

■ Appellant also argues that the district court erred by failing to set conditions under which she could regain custo-

dy, as required by section 518.158, subd. 4, which provides:

> If the court orders permanent custody to a relative under this section, the court shall set conditions the parent must meet in order to obtain custody. The court may notify the parent that the parent may request assistance from the local social service agency in order to meet the conditions set by the court.

We agree with the district court that it is unclear what effect the legislature intended this provision to have because it refers to an order for permanent custody "under this section," while section 518.158 allows only for *temporary* ex parte orders. But we need not address this apparent inconsistency.

Respondents' motion for an ex parte temporary-custody order did not state the authority under which they sought that order, nor did the court's ex parte order refer to the authority on which it was based. But both referred to the "immediate and present danger to [J.R.'s] physical safety." Section 518.158 allows the court to issue an ex parte order granting temporary custody to a relative on a finding of "immediate and present danger to the physical safety of the child in the home of the parent" but only if "the relative has permanent custody of a sibling of the child." Minn.Stat. § 518.158, subd. 1(b)(2). Here, respondents did not allege, and the court did not find, that they have permanent custody of a sibling; the court, therefore, had no authority under section 518.158 to grant an ex parte temporary-custody order.

Although respondents' motion for an ex parte temporary-custody order did not refer to any statutory authority, on appeal they contend that they sought ex parte relief "as allowed under Minn.Stat. § 518.131, subd. 3(b)." Under section 518.131 (2000), courts have the authority "[i]n a proceeding brought for custody" to grant "[t]emporary custody * * * *regarding the minor children of the parties,"* and may grant such an order ex parte "upon a finding by the court of immediate danger of physical harm *to the minor children of the parties.*" Minn.Stat. § 518.131, subds. 1(a), 3(b) (emphasis added). Section 518.131 does not appear to contemplate the granting of temporary custody to someone other than a parent. Further, because respondents did not refer to section 518.131 in their motion and the district court did not refer to it in its ex parte temporary-custody order, we will not presume that the court relied on this provision in granting that order.

In *Kimmel v. Kimmel,* this court affirmed the district court's grant of an ex parte order awarding temporary custody to the Ramsey County Department of Human Services. *Kimmel v. Kimmel,* 392 N.W.2d 904, 908 (Minn.App.1986), *review denied* (Minn. Oct. 29, 1986). While noting that section 518.131 was inapplicable because Ramsey County was not a party to the proceeding, this court concluded that

> [w]hile the [district] court may not have strictly adhered to the statutory procedure, this was an emergency situation which compelled the court to apply its broad equitable powers. * * * [The child's] health, safety and welfare was in jeopardy. We cannot say it was an abuse of discretion for the court to act quickly to protect this child.

*Id.* at 908. Similarly, here the court found that there was immediate and present danger to J.R.'s physical safety; it was within the court's broad equitable powers to act quickly to protect his safety. *See also Sweep v. Sweep,* 358 N.W.2d 451, 453 (Minn.App.1984) (affirming ex parte custody award to child's grandparents because the "focus in any custody determination is, and must be, on the best interest of the

child. Were we to do other than affirm the court's exercise of its discretion, we would be introducing more instability into [the child's] life * * *."). We conclude that when (1) the district court exercises its broad equitable powers to protect the safety of a child by granting temporary custody to the child's grandparents in an ex parte proceeding, and (2) ex parte relief would not have been available under Minn. Stat. § 518.158, and (3) the court subsequently grants permanent custody to the grandparents in a contested proceeding under Minn.Stat. § 518.156, the court is not required to set conditions under which the child's parent could regain custody, as would be required in a proceeding under section 518.158, subdivision 4.

## DECISION

The requirements for an ex parte temporary-custody order under Minn.Stat. § 518.158, subd. 1 (2000), are inapplicable to a permanent-custody order under Minn. Stat. § 518.156 (2000). Similarly, the requirement under Minn.Stat. § 518.158, subd. 4, that the court "set conditions the parent must meet in order to obtain custody" is inapplicable where (1) the district court exercises its discretion to protect the safety of a child by granting temporary custody to the child's grandparents in an ex parte proceeding, (2) ex parte relief would not have been available under Minn. Stat. § 518.158, and (3) the court subsequently grants permanent custody to the grandparents in a contested proceeding under Minn.Stat. § 518.156.

**Affirmed.**