In re the Marriage of Karen Sue
HUNLEY, Petitioner,
Appellant,

v.

Donald Gaylord HUNLEY, Respondent.

No. A08–0123.

Court of Appeals of Minnesota.

Dec. 9, 2008.

Becky Toevs Rooney, Minneapolis, MN, for appellant.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

Donald Hunley, Crystal, MN, pro se respondent.

Considered and decided by KLAPHAKE, Presiding Judge; WORKE, Judge; and CRIPPEN, Judge.

## OPINION

CRIPPEN, Judge.*

Appellant Karen Hunley (now Williams) challenges the district court's order requiring her to continue her $200,000 life insurance policy even though she is the custodial parent. She also disputes the findings supporting the downward deviation on respondent Donald Hunley's child support obligation and the imposition of attorney fees. Because maintaining the life insurance policy is in the children's best interests and supported by the district court's findings, and because we find no merit in the other claims, we affirm.

## FACTS

The parties divorced in February 2005. The district court later amended its divorce judgment to correct a calculation error. The court granted the parties joint legal and physical custody of their two children, now ages twelve and ten. The court also ordered appellant Karen Hunley to pay monthly net child support of $432.20 and monthly spousal maintenance of $250 for three years. Finally, the court required both parents to keep a life insurance policy; appellant had a $200,000 policy and respondent had a $50,000 policy.

One year later, appellant moved for sole custody of the children, modification of child support and life insurance, and for attorney fees.[1] Appellant presented the

1. Because appellant's 2006 motion was brought before January 1, 2007, calculation of child support in this case is governed by Minn.Stat. § 518.551, subd. 5(b) (2004). *See*

district court with a prima facie case to modify custody, but the court reserved the financial issues for a later hearing.

At the 2007 evidentiary hearing, the parties offered testimony of witnesses on the custody issue but submitted the financial questions on evidence of record and arguments. Appellant submitted her affidavit with two binders of exhibits, which included information provided to her by respondent including his tax returns, pay stubs, check ledgers, bank statements, and other items. Respondent submitted no affidavit but submitted exhibits as well as an affidavit from his attorney regarding attorney fees.

In November 2007 the district court granted appellant sole legal and physical custody and visitation and granted respondent visitation on alternate weekends and Tuesdays after school. In a separate order on financial issues, the court (1) reserved respondent's child support obligation because his expenses made him unable to contribute to past or future child support; (2) denied appellant's request to modify her life insurance, preserving its judgment on the topic; and (3) awarded respondent $10,000 in attorney fees based on his need for the funds to assert his rights in good faith. The court reduced the fee award to $6,540 because it also ordered respondent to reimburse $3,460 in child support for the time when the children lived primarily with appellant. The court made additional financial determinations that are no longer at issue.

Appellant sought review of this order in January 2008. The attorney fee award had not been entered as a final judgment and could not be appealed. By order of March 11, 2008, this court directed entry of a judgment on the attorney-fee question

and extended review to that topic, but no such judgment was ever entered.

## ISSUES

1. Did the district court abuse its discretion by requiring appellant to maintain her life insurance policy?

2. Has appellant shown any other reversible errors?

## ANALYSIS

### 1.

■■■■ District courts have broad discretion to modify child support orders, but they must exercise this discretion within the legislative limits. *Putz v. Putz,* 645 N.W.2d 343, 347 (Minn.2002). We will reverse a district court's child-support order "only if we are convinced that the district court abused its broad discretion by reaching a clearly erroneous conclusion that is against logic and the facts on record." *Id.*

Appellant contends, premised on statutory authority permitting orders to compel the obligor to furnish insurance, that the court abused its discretion by requiring her to maintain a $200,000 life insurance policy after she became the custodial parent and no longer paid child support.

■■■■ Minnesota law permits district courts to impose life insurance as security for child support payments because child support does not end with the obligor's death. *See* Minn.Stat. § 518.24 (2004) (giving district courts discretion to impose security on child support awards); *Thiebault v. Thiebault,* 421 N.W.2d 747, 748 (Minn.App.1988) (noting that district courts can order obligors "to provide life insurance benefits for child support pay-

2006 Minn. Laws ch. 280, § 44, at 1145 (providing that provision for calculating support obligations contained in Minn.Stat. § 518A.35

(2006) applies to actions or motions filed after January 1, 2007).

ments"). This power is discretionary, not mandatory.

 In family law decisions, the judiciary is controlled by "the welfare of the child." *Tammen v. Tammen*, 289 Minn. 28, 30, 182 N.W.2d 840, 842 (1970); *see Moylan v. Moylan*, 384 N.W.2d 859, 865 (Minn.1986) (noting that child's welfare takes precedence even if parents stipulate to child support). Additionally, the judiciary is "guided by equitable principles in determining" the parties' rights and liabilities in these decisions. *McNattin v. McNattin*, 450 N.W.2d 169, 172 (Minn. App.1990). Thus, district courts can grant equitable relief as the facts in each particular case and the ends of justice may require. *Id.* (quotation omitted).

The district court used its equitable powers to require appellant to keep the life insurance policy because the court found cause for concern regarding the future security of the children. This decision was sound. Appellant is the family's major source of income with a yearly income of approximately $127,000, excluding bonuses. With bonuses, she could realize an annual income of approximately $155,000. Respondent earns approximately $58,000 a year. Unlike respondent, appellant does not operate with a deficit each month. She provides for herself and her children, and she has paid spousal maintenance to respondent. As the court reasoned, if tragedy befell her, the welfare of her children would be seriously impacted. Their standard of living would go from about $200,000 with their parents' combined incomes to about $58,000; in addition, respondent has debts and expenses that have increased since the amended decree even though he has the children for less time. Based on the record, the court's decision to maintain the life insurance policy demonstrates that it acted within its equitable

powers and considered the children's best interests.

In the past, we have reversed a district court determination that exceeds its authority, even when the court has acted in the child's best interest. *See Murray v. Murray*, 367 N.W.2d 561, 565 (Minn.App. 1985) (holding that district court's decision to grant legal custody to human service department exceeded its authority). Because the district court's decision not only served the interests of the children but can be considered part of the court's authority to provide for child support, the court's decision did not exceed its powers.

Although insurance is only a form of security, other states have treated it as part of the child support obligation. *See Metro. Life Ins. Co. v. Self*, 129 Mich.App. 242, 341 N.W.2d 488, 489 (1983) (per curiam) (noting that life insurance was part of the child support obligations not just security); *Arthur v. Arthur* 691 So.2d 997, 1001 (Miss.1997) (considering insurance for the children's benefit to be "an issue of child support"); *In re Marriage of Willey*, 155 Or.App. 352, 963 P.2d 141, 144 (1998) (noting that wife does not have child support obligation but does have support obligation to have life insurance); *see also Capehart v. Capehart*, 705 N.E.2d 533, 538 (Ind.Ct.App.1999) (noting that life insurance is future support which differs from current support paid by obligor).

Although appellant is no longer a child support obligor, paying current support to respondent, this does not end her obligation to support her children. *See Willey*, 963 P.2d. at 144 (contrasting payment obligation with duty to support children). Significantly, although the judgment refers to the insurance as security for child support and spousal maintenance, this never fully explained the insurance mandate, which was for a sum of insurance considerably in excess of the amount appellant was

ordered to pay until the children matured. Similarly, although respondent is no longer an obligor, the amended judgment establishes his continued obligation to maintain insurance.

Because a substantial change occurred by awarding appellant sole legal and physical custody, the district court had the authority to modify the child support order. *See* Minn.Stat. § 518.64, subd. 2 (2004) (allowing for modification under certain circumstances). And because the original requirement that the parties provide insurance to secure their support obligation was in the nature of child support, the district court had authority to modify that obligation. *Cf. Korf v. Korf,* 553 N.W.2d 706, 708 (Minn.App.1996) (stating that the provision of medical insurance for children is "in the nature of child support"). The order requiring appellant to continue the private insurance after becoming the sole physical custodian constituted such a modification, and the district court's order was justified by essential findings of fact. *See* Minn.Stat. § 518.551, subd. 5(c) (2004) (listing criteria to consider before deviating from the guidelines). The court considered the incomes and expenses of both parties and the needs of the children and the parties. The court noted that "[appellant] has reasonable monthly expenses for herself and both children" and that her net income meets her living expenses. Respondent, however, "[did] not have the ability to pay child support to [appellant] and to meet his living expenses and the expense of the children when they are with him."

**2.**

■ As noted before, we will reverse a district court's child support order if the district court resolves the matter in a manner that is contrary to "logic and the facts on record." *Putz,* 645 N.W.2d at 347. Ap-

pellant asserts that the district court abused its discretion on three issues.

■ First, appellant contends that the court's child support conclusion fails to consider the children's needs and their standard of living, taking into account both parents' incomes. Child support orders may be modified if the circumstances have substantially changed and make the existing order "unreasonable and unfair." *Coakley v. Coakley,* 400 N.W.2d 436, 441 (Minn.App.1987), *review denied* (Minn. Apr. 23, 1987). After determining whether a modification is warranted, the district court must calculate child support based on the guidelines and provide express findings if a downward deviation occurs. *LeTendre v. LeTendre,* 388 N.W.2d 412, 415 (Minn.App.1986); *see* Minn.Stat. § 518.551, subd. 5(c) (listing statutory factors including children's needs and standard of living). Even if the record supports the decision, the findings will be considered inadequate "if [the] record fails to reveal that the [district court] actually considered the appropriate factors" as required by the legislature. *Moylan,* 384 N.W.2d at 865.

The order provides the findings required by law. The court found that "[respondent] does not have the ability to pay child support to [appellant] and to meet his living expenses and the expenses of the children while they are with him." It is evident that the court observed respondent's contribution in providing care when the children are with him and when he contributes to the daycare fees, unreimbursed medical expenses, and school related fees, which the district court included in its findings.

In addition, the court considered the children's needs in several findings. The court noted that appellant's income met both her and the children's expenses and that she had "the ability to pay the chil-

dren's insurance costs." Because the order provides the statutorily required findings, the district court did not abuse its discretion.

Second, appellant asserts that the district court abused its discretion by using respondent's expense figure without any evidence to support it. The court's findings must be affirmed unless they are clearly erroneous. Minn. R. Civ. P. 52.01.

The record supports the court's finding that respondent was unable to make further support contributions. Although he did not directly submit the evidence to the district court, he provided appellant with documentary evidence in response to discovery requests. Appellant, in turn, submitted this evidence to the district court in her exhibits. After a thorough examination of these documents, it is evident that respondent's expenses, even if not as high as he claimed, were not less than the amount of his necessary expenses. The court did not err.

Finally, appellant asserts that the district court abused its discretion by awarding respondent need-based attorney fees because the court made insufficient explanatory findings. *See* Minn.Stat. § 518.14, subd. 1 (2006) (listing the requirements for need-based, as well as conduct-based, attorney fees); *Geske v. Marcolina,* 624 N.W.2d 813, 817 (Minn.App.2001) (noting that lack of specific findings on need-based factors is not fatal if order "reasonably implies that the district court considered the relevant factors and where the district court was familiar with the history of the case and had access to the parties' financial records") (quotation omitted). As noted earlier, we permitted this court's review of the topic of fees in the event judgment was entered. Judgment not having been entered, we have no occasion to determine an appeal on this issue. *Sheeran v. Sheeran,* 481 N.W.2d 578, 579 (Minn.App.1992).

# DECISION

Because the district court considered the children's best interests and made other adequate findings of fact, the court did not abuse its discretion by requiring appellant to maintain her $200,000 life insurance policy. The court did not abuse its discretion in making a downward child-support deviation or using respondent's expense figure because the record and the district court's order support these findings. We do not reach the attorney fees issue because judgment has not been entered.

**Affirmed.**