*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0923**

In re the Marriage of:
Moslais X. Vue, petitioner,
Appellant,

vs.

Khue Vue,
Respondent.

**Filed February 9, 2015
Affirmed
Stoneburner, Judge***

Washington County District Court
File No. 82-FA-12-4043

Moslais X. Vue, Cottage Grove, Minnesota (pro se appellant)

Vincent Stevens, Miller & Stevens, P.A., Wyoming, Minnesota (for respondent)

Considered and decided by Stauber, Presiding Judge; Worke, Judge; and Stoneburner, Judge.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**STONEBURNER**, Judge

In this pro se appeal from a marriage-dissolution decision, appellant-mother challenges the district court's decisions to (1) hear respondent-father's post-trial motion and grant father's request to award him the insurance policy on his parents' lives based on what mother characterizes as an erroneous finding that she agreed to this award; (2) split physical custody of the parties' children based on what mother characterizes as inadequate findings; (3) not make child support retroactive to the date of the hearing on temporary motions and not deviate from child-support guidelines; (4) award the homestead to father and make him responsible for the mortgages; and (5) sign the real estate summary disposition without giving mother one week to object to the document as agreed to by the parties.

Because (1) father's post-trial motion on which relief was granted was timely and the award of the omitted insurance policy was not an abuse of discretion; (2) the findings adequately support the custody award; (3) the district court did not abuse its discretion in determining child support or in awarding the homestead to father; (4) mother lacks standing to challenge the order requiring father to pay the mortgages; and (5) the district court was not bound by the parties' agreement or otherwise required to give mother one week to object to the real estate summary disposition after it was filed with the district court and mother has not shown any prejudice resulting from the signing of the summary disposition, we affirm.

## FACTS

Appellant-mother Moslais X. Vue and respondent-father Khue Vue married in 1996, separated in 2012, and their marriage was dissolved in 2013 after a four-day trial. There are

four children of the marriage, born in 1997, 2001, 2004 and 2006. During the parents' separation, mother had primary custody of the two younger children and father had primary custody of the two older children.

In the dissolution proceeding, mother sought sole legal and physical custody of all the children. Father sought joint legal and sole physical custody of all the children. The district court interviewed the two oldest children in chambers. Neither expressed a preference for a custodial parent, but both expressed a desire that custody not be split. The district court recited testimony on each of the statutory factors regarding a custody determination and made findings based on the testimony that it is in the children's best interests that (1) the parents share legal custody; (2) mother have sole physical custody of the two younger children; and (3) that father have sole physical custody of the two older children.

During the dissolution proceedings, father attempted to conceal the fact that he underwent bankruptcy in 2011. The district court held him in contempt for failing to disclose the bankruptcy proceedings, fined him $3,000, and stayed an additional $27,000 fine. Mother asserted that father violated the contempt conditions and requested a division of the parties' retirement accounts in lieu of execution of the stayed fine. She also sought an upward deviation from the child-support guidelines due to father's actions of concealing and dissipating marital assets during the dissolution proceedings. The district court concluded that awarding mother $21,210 in attorney fees "is a sufficient remedy for [father's] behavior." The district court also denied mother's request to make the child-support award

3

retroactive to the date of the temporary hearing, which would have retroactively increased the amount of temporary child support ordered.

Both parties wanted to remain in the admittedly "underwater" homestead. Father testified that he is able to make the mortgage payments to retain the homestead. Mother testified that she is unable to make the payments but should be able to remain in the homestead pending foreclosure. The district court awarded the homestead to father, subject to the first and second mortgages. The district court ordered that father be solely responsible for payment of the mortgages, insurance, taxes, and utilities. The district court ordered the parties to "cooperate in the prompt entry of a Summary Real Estate Disposition Judgment awarding to [father] all interest in the homestead."

Father filed a post-trial motion requesting, among other things, that he be named the sole beneficiary of a policy insuring his parents' lives. Mother's petition for dissolution contained this request, but the policy was not mentioned during the dissolution trial and was omitted from the judgment. Father amended the motion several times not relevant to this request. Mother also filed a post-trial motion and objected to father's post-trial motions as untimely. The district court found that father's initial motion was timely but noted procedural deficiencies in the motions of each party. Nonetheless, the district court considered the motions of both parties "[i]n the interests of fairness and judicial expediency." The only post-trial relief granted to father was the award of the omitted insurance policy, which, the district court noted, mother had requested be assigned to father in her dissolution petition. The only post-trial relief granted to mother amended the beginning and end time of parenting time for the New Year's holiday.

After the amended judgment was entered, father prepared a summary real estate disposition and filed it with the court, requesting that mother have one week to object to the document. But the district court signed the document on the day after it was filed.

This appeal followed.

## D E C I S I O N

### I.    Post-trial motions and insurance policy

Mother asserts that the district court erred by considering father's post-trial motions because the motions were untimely and the initial motion did not include a hearing date. Minn. R. Civ. P. 59.03 requires, in relevant part, service of a notice of motion and motion for a new trial or amended judgment within 30 days of service of notice by a party of the filing of the decision or order. We review the construction and application of procedural rules de novo. *Eclipse Architectural Grp. v. Lam*, 814 N.W.2d 692, 696 (Minn. 2012). To prevail on appeal, an appellant must show both error and prejudice resulting from the error. *Midway Ctr. Assocs. v. Midway Ctr., Inc.*, 306 Minn. 352, 356, 237 N.W.2d 76, 78 (1975).

Father served a notice of filing of the district court's judgment and decree on December 6, 2013, and served his initial post-trial motion on January 3, 2014, requesting, in relevant part, that he be awarded the omitted life insurance policy. The district court correctly concluded that the initial motion was timely and granted relief only on this motion. Mother has failed to demonstrate any prejudice to her by the district court's consideration of father's amended motions. We therefore do not address mother's challenge to the timeliness of those motions.

Mother alternatively argues that even if the initial motion was timely filed, the absence of a hearing date precludes consideration of that motion. We also need not address the merits of that assertion because mother has not alleged that she was prejudiced in any way by the form of the motion.

Mother asserts that the district court erred by finding that mother agreed to making father the sole beneficiary of the policy covering his parents' lives. But the district court correctly noted that the only mention of this policy is in mother's dissolution petition that requests just that. Mother has not asserted any prejudice resulting in the district court's grant of father's motion. Because mother has failed to show any prejudice resulting from the district court's consideration of father's post-trial motion and amendments or grant of relief regarding the insurance policy, she is not entitled to any relief on appeal for these claims.

## II.    Custody award

"When determining whether findings are clearly erroneous, the appellate court views the record in the light most favorable to the [district] court's findings." *Vangsness v. Vangsness*, 607 N.W.2d 468, 472 (Minn. App. 2000). In this case, there is no merit to mother's assertion that, regarding the custody determination, the district court merely recited testimony and failed to make any actual findings that support its award of split physical custody. The district court, after considering the evidence on each of the statutory factors, including the parties' capacity to cooperate and communicate, determined that it is in the best interests of the children to keep them in their existing environments and schools, where they are well-adjusted. Some of the district court's "findings" merely recite

6

testimony, but the district court made additional findings based on the recited testimony. The findings demonstrate that the district court considered all of the appropriate factors required by Minn. Stat. § 518.17, subd. 1(a) (2014).

Split custody decisions are within the discretion of the district court, although such decisions are viewed as unfortunate and are carefully scrutinized. *Rinker v. Rinker*, 358 N.W.2d 165, 168 (Minn. App. 1984). The law "leaves scant if any room for an appellate court to question the [district] court's balancing of best-interests considerations." V*angsness*, 607 N.W.2d at 477. The district court determined that mother and father are capable of communicating and cooperating to maximize times the children can be together and that keeping the children in their existing environments and schools, where they are well-adjusted, is in their best interests. "That the record might support findings other than those made by the [district] court does not show that the . . . findings are defective." *Vangsness*, 607 N.W.2d at 474. On this record we cannot conclude that the district court abused its discretion in the award of split custody.

## III. Child support

Mother argues that the district court abused its discretion by failing to deviate upwards from the child-support guidelines. Mother asserts that the district court failed to consider father's unscrupulous conduct and the disparity of their incomes, which, she asserts, justify deviation from the guidelines. Mother also challenges as an abuse of discretion the district court's failure to retroactively modify temporary child support. "We will reverse a district court's child-support order only if we are convinced that the district court abused its broad discretion by reaching a clearly erroneous conclusion that is against

logic and the facts on record." *Hunley v. Hunley*, 757 N.W.2d 898, 900 (Minn. App. 2008) (quotation omitted).

The district court plainly considered father's conduct by concluding that father's conduct made his financial figures untrustworthy and using mother's calculation of father's income to determine child support. Because the child-support formula already takes into account disparity of income, mother's argument for deviation based on the disparity of income is without merit. *See* Minn. Stat. § 518A.43 (2014). We also find no merit in mother's argument that child support should be used to punish father for past conduct. And we do not find an abuse of discretion in the district court's failure to make the child-support award retroactive to the date of the temporary hearing. Temporary orders for child support are permissive. Minn. Stat. § 518.131, subd. 1(c) (2014). Mother is not entitled to relief on appeal from the district court's child-support determinations.

**IV.    Award of homestead to father subject to encumbrances**

Mother objects to the award of the homestead to father and asserts that the district court is without authority to order father to be responsible for the mortgages from which he had been discharged in bankruptcy. A district court's division of marital property is reviewed for abuse of discretion. *Antone v. Antone*, 645 N.W.2d 96, 100 (Minn. 2002).

At trial, mother proposed that she be awarded the homestead pending foreclosure. Father testified that he wanted to retain the homestead and is able to assume financial responsibility for it. The district court found that the children in father's physical custody are well adjusted to this home and the school they attend as a result of living in the homestead, and the children in mother's custody are similarly well adjusted in her home and

8

the school they attend. Awarding the homestead to mother would have caused immediate disruption in housing and schooling for the younger children and the ultimate disruption in housing for all of the children after foreclosure. On this record we cannot conclude that the award of the homestead to father was an abuse of discretion.

## V.       Signing of the summary real estate disposition judgment

Mother asserts that father agreed to allow mother a week to respond to father's filing of the summary-real-estate-disposition document. Father, in fact, asked the district court to provide this time. But the district court signed the judgment immediately. Mother argued against the district court's disposition of the homestead at trial and in post-trial motions and had no right to an additional opportunity to object. Additionally, mother does not assert any prejudice from the failure of the district court to postpone signing. Because the district court was not bound by father's offer to allow mother time to respond, we find no merit in mother's assertion that the district court abused its discretion by signing the disposition judgment immediately.

**Affirmed.**