*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-2026**

In re the Marriage of:
Todd James Lindsey, petitioner,
Appellant,

vs.

Shirley June Lindsey,
Respondent.

**Filed September 26, 2016
Reversed and remanded
Halbrooks, Judge**

Scott County District Court
File No. 70-FA-14-3830

Jeffrey K. Priest, Priest Law Firm, Ltd., Eagan, Minnesota (for appellant)

Eric R. Parker, Johnson/Turner Legal, Forest Lake, Minnesota (for respondent)

        Considered and decided by Halbrooks, Presiding Judge; Johnson, Judge; and

Smith, John, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**HALBROOKS**, Judge

Appellant Todd Lindsey challenges the provisions of the judgment dissolving his marriage to respondent Shirley Lindsey that require him to pay child support and to secure his "support obligations" with a life-insurance policy. We reverse and remand.

## FACTS

The parties married in 2011 and separated in 2014. Appellant petitioned to dissolve the marriage. After trial, the district court awarded the parties joint legal and joint physical custody of their child, named appellant's home as the child's primary residence, and awarded parenting time to respondent. The judgment stated that respondent could have additional parenting time if she reestablished a residence in the Twin Cities area and ordered appellant to pay respondent spousal maintenance for two years. The judgment also directed appellant to pay child support and ordered appellant to obtain a $250,000 life-insurance policy to secure his "support obligations."

Respondent moved the district court to correct certain "clerical mistakes" and to increase her parenting time. Appellant asked the district court to deny the motion. In the alternative, appellant moved the district court to "correct" the judgment to eliminate his spousal-maintenance obligation, order that respondent pay child support, and eliminate his obligation to obtain life insurance.

The district court entered an amended judgment, revising the calculation of the parties' combined parental income for determining child support (PICS) percentages and

setting appellant's child-support obligation to $670 per month but denying other relief. This appeal follows.

# DECISION

## I.

Appellant argues that the district court misapplied the child-support laws, causing it to erroneously order him to pay child support. The interpretation of a statute is reviewed de novo. *In re Custody of D.T.R.*, 796 N.W.2d 509, 512 (Minn. 2011); *see Ramirez v. Ramirez*, 630 N.W.2d 463, 465 (Minn. App. 2001) (stating that "[t]he applicability of a statute is an issue of statutory interpretation, which appellate courts review de novo").[1]

An "obligor" is "a person obligated to pay maintenance or support." Minn. Stat. § 518A.26, subd. 14 (2014).[2] A person with "primary physical custody of a child is

---

[1] Appellant argues that the district court set his child-support obligation based on Minn. Stat. § 518.551, a repealed version of the child-support statute. *See* Minn. Stat. § 518.551 (2004) (reciting the child-support guidelines in effect until they were replaced by chapter 518A). Chapter 518A, the current child-support system, went into effect in January 2007. 2005 Minn. Laws ch. 164, §§ 26, 29 at 1919-25, *amended by* 2005 Minn. Laws 1st Spec. Sess. ch. 7, § 28, at 3092-93. While the district court cites, once, "Minn. Stat. § 518.551[,]" that cite seems to be a typographical error; attached to the judgment is the child-support worksheet associated with chapter 518A. Because we conclude that the district court did not set appellant's child-support obligation under the prior statute, we ignore as harmless any error associated with the district court's single reference to Minn. Stat. § 518.551. *See* Minn. R. Civ. P. 61 (requiring harmless error to be ignored).

[2] Effective March 1, 2016, the 2015 legislature substantively amended this definition. 2015 Minn. Laws ch. 71, § 69, at 904-05. Because the district court entered its judgment in October 2015, the 2014 version of the statute was in effect at all times relevant to this appeal. Therefore, unless stated otherwise, we cite that version of this and other statutes in this opinion. *See Interstate Power Co. v. Nobles Cty. Bd. of Comm'rs*, 617 N.W.2d 566, 575 (Minn. 2000) (noting that, generally, appellate courts apply the version of a

3

presumed not to be an obligor for purposes of a child support order . . . unless section 518A.36, subdivision 3, applies or the court makes specific written findings to overcome this presumption." *Id.* "The parent having 'primary physical custody' means the parent who provides the primary residence for a child and is responsible for the majority of the day-to-day decisions concerning a child." *Id.*, subd. 17 (2014). Here, the judgment states that appellant's residence is the child's primary residence. Therefore, appellant is the child's "primary physical custodian," and unless an exception applies, he is presumed not to be the obligor.

Under the first exception, appellant may be a child-support obligor if "section 518A.36, subdivision 3, applies." *Id.*, subd. 14. That provision addresses computation of basic support when parenting time is equal. Minn. Stat. § 518A.36, subd. 3 (2014). Because respondent's parenting time "is less than 45.1%," the parties' parenting time is not equal, and the first exception to the presumption that appellant is not an obligor is inapplicable.

The second exception requires the district court to make "specific written findings" to overcome the presumption that appellant is not the obligor. Minn. Stat. § 518A.26, subd. 14. The judgment states: "While the parenting time awarded to [respondent] is less than 45.1%, the Court finds that said parenting time is sufficient given the current circumstances to justify the present award of child support." This finding shows that the district court imposed a support obligation on appellant but leaves

statute in effect when the appellate court rules on a case but that an exception applies "when rights affected by the amended law were vested before the change in the law").

4

unclear *why* the parenting arrangement rebuts the presumption that appellant is not a child-support obligor. The district court's single, conclusory finding cannot constitute the "specific written findings" required by Minn. Stat. § 518A.26, subd. 14 to rebut the presumption. And because the rest of the judgment does not otherwise clarify the basis for the district court's decision on the point, we cannot say that the lack of the required "specific written findings" can be ignored as a harmless error under Minn. R. Civ. P. 61.

We remand for the district court to reevaluate the propriety of rebutting the presumption that appellant is not a child-support obligor and, if it does so, to make findings explaining its rationale for that decision. *See Suleski v. Rupe*, 855 N.W.2d 330, 338 (Minn. App. 2014) (remanding a parenting schedule when the district court did not adequately explain why it imposed that schedule); *Eisenschenk v. Eisenschenk* 668 N.W.2d 235, 237 (Minn. App. 2003) (reversing and remanding the effective date of a child-support obligation when the district court did not adequately explain its reason for not applying the generally applicable rule on the subject), *review denied* (Minn. Nov. 25, 2003); *Reif v. Reif*, 426 N.W.2d 227, 231 (Minn. App. 1988) (remanding spousal maintenance when the district court neither addressed the "preference" for permanent maintenance nor made findings explaining why it did not apply that preference). Additionally, because requiring appellant to pay child support would constitute a deviation from the presumptively appropriate guideline child-support obligation, any child-support obligation imposed on appellant on remand must be supported by the findings and analysis relevant to a deviation from those guidelines.

## II.

Appellant challenges the requirement that he obtain $250,000 of life insurance "as security for the support obligations."[3] "[W]hen maintenance or support payments are ordered, the court may require sufficient security to be given for the payment of them according to the terms of the order." Minn. Stat. § 518A.71 (2014). Whether to require security for maintenance and how much security to require are matters within the discretion of the district court. *Kampf v. Kampf*, 732 N.W.2d 630, 635 (Minn. App. 2007), *review denied* (Minn. Aug. 21, 2007). Similarly, the district court has discretion to require security for child support, even if the insured is the custodial parent. *See Hunley v. Hunley*, 757 N.W.2d 898, 900-01 (Minn. App. 2008).

Here, because we cannot review the district court's rationale for requiring appellant to pay child support, it is unclear whether appellant should, in fact, have a child-support obligation to secure. Therefore, we reverse the requirement that appellant secure his "support obligations" and remand for the district court to reevaluate its decision to require a security interest in light of whatever decision(s) it makes on remand regarding child support. On remand, the district court shall make findings explaining its

---

[3] It is not entirely clear whether the "support obligations" appellant must secure are his basic child-support and medical-support obligations (no child-care support was awarded), or whether "support obligations" includes his spousal-maintenance obligation. This ambiguity, however, is not necessarily the fault of the district court: The definitional section of chapter 518A does not define "support" but does define other support-related terms in a way that leaves the scope of "support" somewhat unclear. *Compare* Minn. Stat. § 518A.26, subd. 20 (2014) (defining "[s]upport money; child support" as "an amount for basic support, child care support, and medical support" but not mentioning maintenance) *with* Minn. Stat. § 518A.26, subd. 21 (2014) (defining a "[s]upport order" to include awards of spousal maintenance and child support).

decision regarding whether to require appellant to secure his obligations; specify whether any required security is for appellant's spousal-maintenance obligation, any child-support obligation imposed on remand, or both; and make findings explaining the amount of any security it requires.

On remand, the district court shall have discretion to reopen the record, if it so chooses.

**Reversed and remanded.**